# Payne *v.* The State.

### *Indictment for Larceny.*

1. *Larceny; sufficiency of proof of ownership when no variance shown.*—On a trial under an indictment for the larceny of money, which lays the ownership of said money in a woman, and the evidence shows that the woman named in the indictment as the owner of the money lived with her husband; that the money alleged to have been stolen was in her trunk and was made up of small sums which had been saved by her husband and herself, there is no variance between the averment in the indictment and the evidence as to the ownership of the property; and such evidence is sufficient to support the ownership as laid in the indictment.

APPEAL from the County Court of Tuscaloosa.

Tried before the Hon. J. J. MAYFIELD.

The indictment under which the appellant, Joe Payne, was tried, contained two counts. The first count charged burglary of a dwelling house of Febby Mack. The second count charged that the defendant "feloniously took and carried away sixty silver dollars, silver coin of the United States of America, the personal property of Febby Mack."

On the trial of the case, the State introduced as a witness Febby Mack, who testified that her house was broken open and sixty silver dollars stolen out of it; that she saw the defendant jump out of the house and run off; that she immediately went to the house and saw that her trunk in which the money was kept was broken open and the money gone. On cross-examination this witness testified that she lived in said house with her husband, but that neither of them owned or rented said house; that her husband was hired to one Mr. Hinton by the month, and that the house was one of the tenant houses owned by Mr. Hinton and that she and her husband occupied it. That the witness rented a small tract of land from Mr. Hinton and made some cotton every year; that she and her husband had been saving up the money that was stolen for several years; that her husband would, whenever he saved anything out of his wages, give the money to her to put away in the trunk; that she also saved some money from the proceeds of the cotton every year and would put that in the trunk with the money saved by her husband; that the money was hers and her husband's; that "what is his is mine, and what's mine is his." Upon this testimony the defendant requested the court to give to the jury the general affirmative charge in his behalf, and duly excepted to the court's refusal to give said charge as asked.

The court, in its general charge to the jury, instructed them that they could not find the defendant guilty under the first count of the indictment. The defendant separately excepted to the following portions of the court's general charge to the jury: (1.) "If you should believe from the evidence beyond a reasonable doubt that there was a joint ownership of the money between Richard Mack (the husband of the witness Febby Mack) and Febby Mack, then the allegation of ownership in the indictment is sufficient to support a conviction for larceny, provided you further believe beyond a reasonable doubt from the eveidence, that defendant stole the money." (2.) "If you believe beyond a reasonable doubt from the evidence that there was not a joint ownership of all the money between Febby Mack and Richard Mack, but that

Febby Mack owned a part of it and Richard Mack another part of it, still the ownership is sufficiently laid in the indictment to support a conviction for larceny, provided you further believe beyond a reasonable doubt from the evidence that the defendant stole the money."

From a judgment of conviction the defendant prosecutes the present appeal.

J. M. FOSTER, for appellant.—The ownership of the money as laid could not support a conviction under the evidence; there was a fatal variance in the *allegata* and *probata.*—*Rollins v. State,* 98 Ala. 79; *Johnson v. State,* 100 Ala. 55; *Larkin v. Baty,* 111 Ala. 303; *Young v. State,* 100 Ala. 126.

MASSEY WILSON, Attorney-General, for the State, cited *State v. Murphy,* 6 Ala. 845; *Smith v. State,* 133 Ala. 145; *Miller v. State,* 40 Ala. 54.

McCLELLAN, C. J.—On the evidence it was open to the jury to find that the general property in the money alleged to have been stolen was in Richard Mack and Febby Mack in common or jointly; and this not solely upon the testimony of Febby "that the money was hers and her husband's, that what's his is mine and what's mine is his," but upon that in connection with her testimony as to the commingling and manner of hoarding or keeping the coins.

It was also open to the jury to find, regardless of the question as to the general property in the money or in any part of it, that Febby Mack had such special property in all of it as its custodian and bailee as would support the averment of ownership made in the indictment.

It cannot be said, therefore, that there was a variance between the averment and the evidence as to ownership; and the court properly refused to give the affirmative charge requested by the defendant on the theory of such variance.

Those parts of the oral charge to which exceptions were reserved affirm nothing as to the sufficiency of the evidence to support the ownership laid in the indict-

ment; but the declaration is as to the *sufficiency of the
averment of ownership to support a conviction.* That
the averment was sufficient was not and is not ques-
tioned.

The facts that the Macks were husband and wife is of
no consequence in the case, and our conclusion is in no
degree based upon it.

Affirmed.

