146 So. 426

## SMITH v. STATE.

### 3 Div. 724.

Court of Appeals of Alabama.

Feb. 21, 1933.

Hamilton & Jones, of Evergreen, for appellant.

340

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The question of import on this appeal relates to the plea of former jeopardy filed by defendant before entering upon the trial of this case.

It appears from the record that this appellant, and two others, were originally indicted at the fall term, 1927, of the circuit court of Conecuh county, and in said indictment were charged with the offense of grand larceny. Specifically: That they feloniously took and carried away a cow the personal property of Jim Barnett, etc. A severance was had, and during the spring term, 1929, of said court, and on the 16th day of May, 1929, the defendant, Ben Smith, was placed on trial. A jury was duly impaneled and sworn, the indictment was read. and the defendant pleaded not guilty, and the state introduced and examined two witnesses, to wit: Jim Barnett, who was alleged to be the injured party, and Ella Barnett, his wife. It appears that these witnesses disagreed as to the ownership of the cow, and the solicitor apparently for this reason was not willing to go on with the trial. The defendant would not agree to an amendment of the indictment, and the solicitor moved the court to dismiss the case, and asked that the defendant be held for another indictment. The court thereupon entered up an order dismissing such prosecution and ordering another indictment to be preferred. And in this connection made the additional order, to wit: "That there was a variance between the allegation of the indictment and the proof as to the description, or name, of the owner of the property alleged to have been stolen." The defendant was held under bond for the action of a subsequent grand jury.

At the fall term, 1929, of the circuit court of Conecuh county, Ala., the grand jury returned another indictment, which indictment was in three counts. The first count charged that "Ben Smith. Hamp Grace and Robert Grace (same parties) feloniously took and carried away a cow, the personal property of Jim Barnett and Ella Barnett." The second count was the same except the ownership was alleged to be in Jim Barnett, and the third count was the same except the ownership was alleged to be in Ella Barnett.

It is insisted, and it so appears, that the second count of this indictment was exactly the same as the previous indictment, and, so far as the second count of this indictment is concerned, it is simply a reindictment for the same offense as was covered by the former indictment. The first count of this indictment alleged the ownership to be in Jim Barnett and Ella Barnett, which would make a joint ownership, and under the contention of the defendant was the same as the previous indictment, since under the law, where there is a joint ownership, the indictment may allege ownership in either of the parties, and under the facts set out in this count of the indictment, which show a joint ownership, the defendant could have been convicted under the previous indictment, which alleged the ownership to be in Jim Barnett. The third count of this indictment alleged ownership in Ella Barnett, which ownership was not covered by the first indictment. This third count was charged out by the court, and need not be considered.

The defendant, Ben Smith, was called for trial on this second indictment at the spring term, 1932, of the circuit court of Conecuh county, and, before pleading to the merits, he filed a written plea in abatement, sworn to as the law requires. This plea in abatement was filed to the indictment as a whole and separately to each count thereof, as shown both by said plea and as shown by the judgment of the court, where it is stated: "The said Ben Smith thereupon and before pleading to the merits of said indictment, filed a written plea of former jeopardy to the indictment as a whole and to each count thereof." This plea in abatement sets out the proceedings under the former indictment and sets out as Exhibit A thereto the former indictment and as Exhibit B the second indictment, under which the defendant was called for trial, and as Exhibit C the order of the court by which the first indictment was dismissed and the defendant held for another indictment.

The state demurrered to this plea in abatement, which as stated above was filed to the indictment as a whole and to each count thereof, and for grounds of demurrer assigned only the following: "First: The said plea is no answer to the indictment. Second: The said plea shows in its face that sections 4550 and 4551 of the Code of Alabama, 1923, were complied with by state."

■ The court sustained said demurrer to the plea in abatement and placed the defendant on trial. The defendant thereupon pleaded not guilty to the second indictment, and the testimony was introduced. At the conclusion of the testimony, the solicitor for the state took a nol prosse as to the third count of the indictment, which was the count in which the ownership of the property was alleged to be in Ella Barnett. This left in the indictment one count where the ownership was alleged to be jointly in Jim Barnett and Ella Barnett, under which the defendant could have been convicted under the former indictment, because, if the ownership is joint, it is sufficient for the indictment to allege the ownership to be in either, and another count, the second in the indictment, which was an exact copy of the first indictment.

The defendant was convicted upon this indictment from which the third count had been removed by a nol prosse, as set out above, and it is contended for the defendant that he was convicted upon an indictment which charged exactly the same offense as was charged in the first indictment, which was dismissed by the court on motion of the solicitor and without the consent of the defendant.

After the conviction of the defendant, the defendant filed a motion for a new trial. In this motion for a new trial it is set out that the court erred in sustaining demurrer to the plea in abatement filed to the first count of the indictment, also as filed to the second count of the indictment, which were the only two counts left in the indictment, and also as filed to the indictment as a whole. The court overruled this motion for a new trial, and sentenced the defendant to imprisonment in the penitentiary for an indefinite term of not less than one year and one day and not more than two years.

Upon this state of the record, the defendant contends, among other things, that the order of the court dismissing the first indictment and ordering a new indictment to be preferred, and holding the defendant for such action by the grand jury, is insufficient; that the plea in abatement filed by the defendant was good as to the first and second counts of the second indictment which were the only counts left in the indictment after the third count was nol prossed by the solicitor; that the demurrer filed by the state was insufficient in stating grounds of such demurrer and by admitting the facts set up in the plea, and there was nothing left for the court to do except sustain the said plea; and that the court erred in sustaining the demurrer. The defendant further contends that, since the defendant was in jeopardy on the first trial as to the offense charged in the first and second counts of the indictment, the plea in abatement should have been sustained there-

to, and, since the defendant has now been in jeopardy as to the third count of the indictment, as the nol prosse was not taken until the close of the testimony, that the proper order to be entered by this court is one reversing the judgment of conviction appealed from and discharging the defendant from further custody in this proceeding.

It is insisted by the appellant that the court erred in sustaining the demurrer of the state to the plea in abatement filed by the defendant in the court below.

■ The first contention is that the said plea in abatement was good because of the fact that the order of the court by which the first prosecution was dismissed and the defendant held for further action of the grand jury was not in compliance with section 4551 of the Code; and that there was no valid order made by the court which would permit a further prosecution of the defendant after trial had been started on the first indictment and the prosecution dismissed.

Section 4551 of the Code provides the form of an order to be entered by the court where there is a variance between the indictment and the proof. And it is provided in such form it must be alleged that there "was a variance between the allegations of the indictment and the proof in this (setting out the variance)." By this section of the Code and the form set out therein it is required that the order of the court must set out in what the variance consists.

A discussion of the foregoing question, in our opinion, is not necessary to a decision in this case, but we think it would have been better practice for the court in making said order not to have confined itself to the bare statement that "there was a variance between the allegation of the indictment and the proof as to the description, or name of the owner of the property alleged to have been stolen," but to have gone further and set out in detail of what the variance consisted. This for a matter of record, and in line we think with what the provision required of the court in this connection.

The plea in abatement, above referred to, was proper in form and substance, and followed the form prescribed by the Code for pleas of this character (Code 1923, § 5205, form 7). It was a complete answer to the indictment, and it has been held, where this is true, such plea must be met by some method other than demurrer. Hurst v. State, 24 Ala. App. 47, 129 So. 714, and cases therein cited.

■■ From the undisputed facts, this appellant was placed in jeopardy under the first indictment, and, pretermitting the sufficiency of the court's order in quashing the indictment, the question is as to the correctness of the insistence by appellant to the effect that "the second indictment returned was to all intents and purpose the same as the first in-

dictment and charged exactly the same offense." It is the law that, for a former prosecution to bar a second, it must appear with certainty to a common intent that the offense or some grade thereof charged in the second indictment was embraced in the first. "This is ascertained by applying the established test whether the facts alleged in the indictment for the latter offense, if proved to be true, would warrant a conviction on the first indictment." Mitchell v. State, 16 Ala. App. 635, 80 So. 730.

The second count of the last indictment in this case charges that the alleged stolen property belonged to Jim Barnett. This is the identical charge contained in the first indictment; hence, of course, as to this count the rule announced directly applies. The first count of the last indictment alleged a joint ownership of the alleged stolen property as being that of Jim Barnett and Ella Barnett. The record discloses that Ella is the wife of Jim. Under the well-settled rule of law which obtains in this state, when any property, upon or in relation to which the offense was committed, belongs to several partners or owners, it is sufficient to allege the ownership to be in any one or more of such partners or joint owners. Section 4542, Code 1923; Payne v. State, 140 Ala. 148, 37 So. 74; Smith v. State, 133 Ala. 145, 31 So. 806. Under the foregoing authorities, there was no variance in the first indictment where the ownership of the property was laid in Jim Barnett, and the proof that such property was jointly owned by Jim Barnett and his wife, Ella Barnett. If the proof under the first indictment was otherwise sufficient, the defendant could have been convicted of the larceny of the cow, even though the evidence disclosed that the cow in question was the joint property of Jim Barnett and Ella Barnett. It is conclusive, therefore, that the plea in abatement was well taken, and, its contents being admitted, the admitted jeopardy under the first indictment, was a complete bar to the second indictment, for the strict mandate of the fundamental law is that no person shall for the same offense be twice put in jeopardy of life or limb (Const. 1901, § 9). This law does not permit a single crime to be subdivided into two or more offenses, nor can a series of charges be based upon the same act.

From what has been said, it clearly appears that the first indictment was in all things a valid indictment without objection or defect; and, further, that upon the proof adduced at the trial of the defendant (appellant) upon the second indictment a conviction could have been had under the first indictment. We therefore cite the case of Turk v. State, 140 Ala. 110, 37 So. 234, as being direct authority supporting this decision.

The motion for a new trial should have been granted, and the discharge from further custody of this appellant ordered by the trial court. The error of the court in declining to so rule necessitates a reversal of the judgment of conviction from which this appeal was taken. In line with the case of James v. State, 23 Ala. App. 119, 121 So. 690, it is hereby ordered and adjudged that the defendant (appellant) be discharged from all further custody in this proceeding.

In the James Case, supra, this court made the following order: "Under the existing law, in cases of this character, it is the duty of this court (upon appeal), if error appears, to render such judgment in the cause as the court below should have rendered. Section 9502, Code 1923. In accordance with the provisions of said statute, a judgment is here rendered, reversing the judgment of conviction appealed from, and an order is here made discharging the defendant from further custody in this proceeding."

Reversed and rendered.