JAMES O'QUINN v. THE STATE.

No. 16452.  Delivered February 28, 1934.
Reported in 69 S. W. (2d) 85.

The opinion states the case.

*Edward Risinger,* of Rosenberg, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for passing as true a forged instrument, the punishment being two years in the penitentiary.

The instrument alleged to have been forged was a check payable to H. J. Turner and signed "Humble Pipe Line Company, Treasurer, Geo. W. Sears,—Assistant Treasurer, C. W. Tulles." It was also averred in the indictment that the instrument was indorsed on the back "H. J. Turner." We are at some loss to determine whether it was intended to charge the forgery of the indorsement, or to charge forgery in the execution of the check itself. If it was claimed that Turner's indorsement was forged, and the purpose was to so charge, we refer to Cochran v. State, 115 Texas Crim. Rep., 201, 30 S. W. (2d) 316; Landrum v. State, 118 Texas Crim. Rep., 132, 42 S. W., 1026.

It is apparent from the record that appellant has no just ground to complain that he was not given a "speedy" trial guaranteed him by the Constitution. The indictment was returned into court on September 7th. Appellant was put to trial the

same day, and on the same day the verdict was returned and the judgment of conviction entered. The motion for new trial was overruled on September 8th and sentence pronounced. Indeed it seems that justice was proceeding at such a pace that the necessity of proving that the instrument passed had been forged was entirely overlooked. We discover no word of testimony in the record on that issue. Appellant does complain, and justly so, that the verdict is not supported by the evidence.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*