E. G. GAMMILL v. THE STATE.

No. 18800. Delivered February 24, 1937.

44

The opinion states the case.

*E. G. Gammill,* in person.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for passing a forged instrument; penalty assessed at confinement in the penitentiary for five years.

The count of the indictment upon which the verdict is based alleges that the appellant "did then and there knowingly * * * pass as true to Kathleen Coe a forged instrument in writing of the tenor following:

"The first     The First National Bank of Beaumont, 88-24
National
Bank          Beaumont, Texas, 2-15 1936     No. 4

Pay to the order of E. M. Wilson            $18.00

Eighteen & No/100      ·            Dollars
                                     with exchange
Value received and charged the same to account of

To City Nat Bank
     Dallas Tex              (Signed)   J. W. Shaw."

Endorsed on back:      "E. M. Wilson."

The effect of the above allegation is to charge that the name of "J. W. Shaw" was the forgery. If it was the purpose of the State to charge that the endorsement was the forgery, then it was necessary that the indictment contain an averment to that effect. Cochran v. State, 30 S. W. (2d) 316; Landrum v. State, 42 S. W. (2d) 1026.

The evidence in the present instance shows that the appellant forged the name of E. M. Wilson on the back of the check, but this was not the forgery which the State charged in the

indictment. There is nothing in the record to show that the handwriting on the check was not that of J. W. Shaw. Neither is there any evidence to the effect that Shaw was a fictitious person.

The State's Attorney before this court concedes that the facts are insufficient to support the averments in the indictment, and in this view we are constrained to concur.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*