7 So.2d 24

BROWN v. STATE.

4 Div. 648.

Court of Appeals of Alabama.

Dec. 16, 1941.

Rehearing Denied Jan. 13, 1942.

340

M. Sollie, of Ozark, and W. L. Lee and Alto V. Lee, III, both of Dothan, for appellant.

Thos. S. Lawson, Atty. Gen., and John W. Vardaman, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense of forgery in the second degree, Code 1923, § 4121, Code 1940, Title 14, § 200, and his punishment fixed at imprisonment in the penitentiary for the term of three years.

The indictment on which he was tried was, omitting formal parts, and with the exception of the italics, supplied by us, and omitting any quotation marks of our own—so that we may show, accurately, those appearing in and on said indictment—exactly as follows:

The Grand Jury of said County charge that before the finding of this indictment, that J. R. Brown alias, John Brown with intent to injure or defraud, did falsely make, alter, forge or counterfeit an instrument in writing, in words and figures, substantially as follows:

"No. 2045 The State of Alabama, Dale County Commissioners Court $532.38, Ozark, Alabama Sept. 30, 1937 Term 193—. Pay to J. H. Morris or Order ...... Five Hundred thirty two & 38/100 ...... Dollars for 17741 Feet of Lumber Dist. 3, out of Moneys in the Treasury to the credit of

the Road and Bridge Maintenance Fund. To County Treasurer, Dale County, Alabama. Issued Sept. 30, 1937, 193—. Frank O. Deese, Judge of Probate, Roberts & Son, Birmingham Ala." *And on the back thereof appears the following: "J. H. Morris J. R. Brown."*

or, with intent to injure or defraud, did utter and publish as true the said falsely made, altered, forged, or counterfeited instrument in writing, knowing the same to be so made, altered, forged or counterfeited, against the peace and dignity of the State of Alabama.

On the trial it was shown without dispute that the said "instrument in writing," to-wit:

"No. 2045 The State of Alabama, Dale County Commissioners Court $532.38, Ozark, Alabama Sept. 30, 1937 Term 193—. Pay to J. H. Morris or Order ...... Five Hundred thirty two & 38/100 ...... Dollars for 17741 Feet of Lumber Dist. 3, out of Moneys in the Treasury to the credit of the Road and Bridge Maintenance Fund. To County Treasurer, Dale County, Alabama. Issued Sept. 30, 1937, 193—. Frank O. Deese, Judge of Probate. Roberts & Son, Birmingham, Ala."

was a "genuine warrant;" that, in the words of the Probate Judge who signed it, "what appears on that warrant as an official warrant of this county is regular and genuine in all respects. That's correct. My name or anything else on there hasn't been changed, altered or forged or counterfeited, anything like that."

We take it that it is too clear for comment that the words *And on the back thereof appears the following: "J. H. Morris J. R. Brown,"* which we have italicized, or underlined, where they appear in the indictment following the signature "Frank O. Deese, Judge of Probate" (the words "Roberts & Son, Birmingham, Ala.," are ignored, because we know them to have no office in the indictment whatsoever—being but the name and address of the stationer manufacturing or selling the "blanks" upon which the county's warrants were written) indicate and indicate definitely, clearly, and solely, that the said "instrument in writing," or warrant, immediately preceding said words, was *endorsed* by J. H. Morris and J. R. Brown. In fact, there is no contention otherwise in the testimony, or by the parties. We believe it is conceded on all hands that this is true.

342

The *contention* arises out of the fact the quoted words are thought by the State to charge, in their context, the appellant with the offense of *forging* the name of *J. H. Morris* as an endorser on the said warrant or "instrument in writing." And the appellant contends they do no such thing.

Some principles of the law appertaining may well be here set down, to-wit: "An endorsement on a bill or note is deemed to be no part of the instrument and need not be set out in an indictment alleging a forgery thereof." 23 Am.Jur. 697.

To the same effect, the Virginia Court said in Perkins v. Commonwealth, 7 Grat. 651, 56 Am.Dec. 123: "The Court is of opinion that, as this prosecution was only for forging the writing which purported to be a negotiable note, there was no necessity that the indictment should set out the endorsements, or any other matter written upon the same paper, constituting no part of the note itself, and not entering into the essential description of that instrument."

In the note to People of the State of Illinois v. William D. Tilden et al. (a case decided by the Illinois Supreme Court— 242 Ill. 536, 90 N.E. 218, 134 Am.St.Rep. 341, 17 Ann.Cas. 496) found in 31 L.R.A., N.S., 215, at page 217, is this: "It has been held that an endorsement on a bill or note is no part of the instrument, and need not be set out in an indictment alleging a forgery of the note." And the author cites some dozen or more decisions from appellate courts of distinction, supporting the statement he makes.

In Volume 9 American Digest, First Decennial Edition, at page 1214, under "Forgery, ☞34(5)," we find this: "To convict a party of forging an endorsement on a check otherwise genuine, *the indictment must charge the particular act complained of, namely, of forging an endorsement of the instrument*; and where the indictment charges only an unlawful uttering and publishing of the *instrument*, there is a failure of proof, where only a false and forged endorsement is shown." (Italics supplied by us). Citing Cosner v. State, 24 Ohio Cir.Ct.R. 734.

In 26 Corpus Juris, at page 944, is the statement: "If the indictment is for the forging of an endorsement it must be set out *accompanied with such averments as will make the offense affirmatively appear.*" (Italics supplied by us).

Under the head of "Immaterial Variances (between the allegations in the indictment and the proof on the trial) Illustrated," 26 C.J. 950, we find this: "Similarly the names of witnesses, where such witnesses are not necessary to the validity of the instrument, may be omitted; so likewise as to *endorsements,* memoranda, or other writing subsequently made, or any other matter not essential to its validity *and which is distinct from the instrument itself.* (Italics supplied by us).

Then at page 955 of this same Volume 26 of Corpus Juris we find: "A charge of uttering a forged bill of exchange will not be sustained by evidence that the acceptance only is forged"—the opinion in the case cited to sustain the assertion (Rex v. Horwell 6 C. & P. 148, 25 ECL 366) stating that "in such case the indictment should be for uttering the forged acceptance and not for the forgery of the instrument itself."

Also (26 C.J. 955): "A charge of an unlawful uttering of an instrument is not made out by proof merely of a false and forged endorsement of the payee's name thereon."

So, in 3 Bishop's New Criminal Procedure at page 1472 (Sec. 410) we find this: "An endorsement on a note or check which without it is complete, so does not in law constitute a part of it, need not be set out in an indictment for the forgery thereof. *For the forgery of the endorsement, the indictment must have such averments as will make the offense affirmatively appear.*" (Italics supplied by us).

To essentially the same effect is the holding by the New York Court in the case of Miller, plaintiff in error, v. People, 52 N.Y. 304, 11 Am.Rep. 706, where the court said: "The counsel for the prisoner claims that there was a variance between the indictment and the proof, in that the forged check produced at the trial bore the indorsement of the payees, while the indictment set forth the check only without the indorsement. There was no averment or proof that the indorsement was forged. *The charge was of forging the check and uttering it as true. The check was a complete instrument without the indorsement. The indorsement did not form part of the check, but was a distinct contract.* It constitutes no variance, though not set forth in the indictment." (Italics ours).

■ The rule in our State is that an allegation in an indictment which is but mere surplusage may be disregarded—it is immaterial for any purpose. The exception to this rule—*which does not occur in this case*—is that if the allegation (constituting surplusage) "is descriptive of the fact or degree of the crime, or is material to the jurisdiction" it must be proved as alleged. See McGehee v. State, 52 Ala. 224.

In the case before us the only proof of any forgery by appellant had to do with the endorsement on the "instrument in writing" set out in the indictment, of the name or signature "*J. H. Morris.*"

As the learned trial judge stated to the jury trying the case: "The undisputed proof shows that there was a warrant issued by the Probate Judge of Dale County in the regular course of the business of the county and in the regular way." That, of course, is the warrant here in question.

■ And we agree with said judge's statement of the law as we shall quote, to-wit: "There's not any question under the law but that a warrant, such as has been exhibited here, is properly the subject of forgery, or legally the subject of forgery, and if a man alters an instrument of that character or if he takes one that has been altered and with knowledge of the fact that it has been he takes it and undertakes to pass it as genuine, with an intent to defraud, he is just as guilty of forgery as if he alone had done all things which were necessary to enter into and make up the offense itself."

■ But, as was said by the Court of Criminal Appeals of Texas in the case of Cochran v. State, 115 Tex.Cr.R. 201, 30 S. W.2d 316, 320: "If it is the desire to prosecute for forging the name of the indorser, the indictment should be so framed as to coincide with the evidence to that effect."

And, as was said by this same court in the opinion in this same case (30 S.W.2d at page 320); "There is in said count no positive and certain averment that appellant signed the name of Dillard [Morris, in our case] on the back of said check."

We have not the time nor the space in which to set out all that we deem pertinent in the various opinions by the judges of the Court of Criminal Appeals of Texas in this case of Cochran v. State, supra.

A reading of them discloses that that court had much difficulty—as we have had

—coming to a final conclusion as to the law that should apply. But the principles involved in the said Cochran v. State case were similar to, if not the same as, those involved in the case before us.,

And our summary of the situation here is influenced by a reading of the Texas Court's opinions in that case. It is:

■ The inclusion of the words: *And on the back thereof appears the following* "*J. H. Morris · J. R. Brown*" in the indictment in this case *did not* charge appellant with the forgery of the name *J. H. Morris* on the "instrument in writing" set out in the indictment.

■ Hence, the only proof offered on the trial as to any forgery being as to this name "J. H. Morris," there was a variance between the allegations of the indictment—charging, only, the forgery of the said "instrument in writing"—and the proof offered on the trial.

■ But if the above is not true, and the indictment did, conjunctively, charge both a forgery of the said "instrument in writing" *and* the name "J. H. Morris," there was still a variance, in that the proof showed, clearly, no forgery of the said "instrument in writing."

Or, transposing the language used by the Court of Criminal Appeals of Texas in another case, and adopting it as our own: The evidence appears undisputed that the "instrument in writing" (warrant) was genuine, and that if there was any forgery it consisted in the unauthorized placing of the name "J. H. Morris" on the back thereof as an endorsement. There are no averments in the indictment which make it plain that it was the purpose and intent of the pleader to charge the forgery of said endorsement. It being evident from the record that it was the purpose of the pleader to charge a forgery of the endorsement, and the same not being done the failure of the trial court to give the jury at appellant's request the general affirmative charge to find in his favor must cause the judgment to be reversed and the cause remanded. Landrum v. State, 118 Tex.Cr.R. 132, 42 S.W.2d 1026. And see Gammill v. State, 132 Tex.Cr.R. 43, 102 S.W.2d 229; O'Quinn v. State, 125 Tex.Cr.R. 442, 69 S. W.2d 85, and Gumpert v. State, 88 Tex.Cr. R. 492, 228 S.W. 237.

■ We have ignored the State's motion to strike the bill of exceptions because

same was not filed until *after* the submission of the cause upon the merits.

It is evident, anyway, that the same is not well taken, because of Code 1928, § 13, Code 1940, Title 1, § 12.

The case of Saucier v. State, 102 Miss. 647, 59 So. 858, Ann.Cas.1915A, 1044, relied upon so confidently by the State upon this appeal, seems to us to hold no more than that the *endorsement* "J. H. Morris" *could* be the subject of forgery. And indeed it *could* be. But the same is not here *charged*.

 If the endorsement of the name *J. H. Morris* is not charged to be a *forgery*, it is difficult to see how later charging the *uttering* of the "instrument in writing" with this "J. H. Morris" endorsed thereon could be a valid charge of uttering a forged instrument.

What we have written hereinabove seems to be in accord with the weight of authority.

The judgment is reversed and the cause remanded.

Reversed and remanded.