7 So.2d 28

## BROWN v. STATE.

### 4 Div. 243.

Supreme Court of Alabama.

March 19, 1942.

Thos. S. Lawson, Atty. Gen., and John W. Vardaman, Asst. Atty. Gen., for petitioner.

M. Sollie, of Ozark, and W. L. Lee and Alto V. Lee, III, both of Dothan, opposed.

FOSTER, Justice.

The State contends that when a forgery of an instrument is charged in an indictment as a warrant on the county treasurer signed by the probate judge and indorsed by two named persons, or the utterance of such instrument, a conviction can be sustained though the warrant was genuine, if defendant merely forged the names of the indorsers or uttered it with knowledge that their names had been forged.

But if the instrument as a whole, including the indorsements, is alleged to have been forged, some authorities hold that the indictment is sustained on proof that it was the indorsements only which were forgeries, when the initial instrument is genuine in all respects. State v. Hearn, 115 Ohio St. 340, 154 N.E. 244; Saucier v. State, 102 Miss. 647, 59 So. 858, Ann.Cas. 1915A, 1044; State v. Waterbury, 133 Iowa 135, 110 N.W. 328; Akin v. State, 86 Fla. 564, 98 So. 609.

But there are very respectable authorities which hold that the indictment should specify the indorsement, if that is the claim, when the instrument itself is genuine. Cochran v. State, 115 Tex.Cr.R. 201, 30 S.W.2d 316; see other authorities cited by the Court of Appeals.

But our statute, Title 14, section 200, Code of 1940, defines forgery in the second degree, in part, as the forgery of a bond, bill—single, bill of exchange, promissory note, or any indorsement thereof, and in the statute the utterance of a forged indorsement is specially mentioned. The statutes quoted in the cases relied on by the State do not specify as a separate offense the forgery of an indorsement on such an instrument. Everyone admits that the indorsement itself is a separate contract and is the subject of forgery, but it is said in those authorities that it is not so distinct and independent as not to be embraced in the charge of forgery of the instrument as a whole, setting it out as thus indorsed.

While the indorsement is not independent, it is a separate and distinct and different contract from any other feature of the instrument. Our statute emphasizes that distinction and that the forgery of an instrument is a different offense from the forgery of an indorsement of it. Under our statute, section 200, supra, a person who is sought to be convicted for forging an indorsement should be apprised of the fact that it is the indorsement which is involved and not the instrument which is indorsed.

We prefer to predicate our conclusion on the language of the statute, and the proper deduction to be drawn from it. Otherwise the authorities seem to be confusing.

Writ denied.

THOMAS, BOULDIN, BROWN, and LIVINGSTON, JJ., concur.

GARDNER, C. J., dissents.