122 So.2d 555

**Herman Lydell WRIGHT**

**v.**

**STATE.**

**6 Div. 716.**

Court of Appeals of Alabama.

Aug. 16, 1960.

Morel Montgomery, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This appellant stands adjudged guilty of forgery in the second degree, and is under a sentence of three years imprisonment in the penitentiary. Defendant was an employee of the Hayes Aircraft Corporation, and was also an official in Local 1155 of the International United Auto Workers Union.

The evidence presented by the State tends to show that between the 1st and 5th of July, 1955, an entry was forced into the private office of the Union located inside of the Union hall on the Hayes Aircraft Corporation premises. A check in the amount of $69.54, payable to Robt. E. Graham, was found to be missing.

Thereafter on 8 July 1955, two employees of Yielding Brothers department store in

Birmingham testified that the appellant presented the check in an attempt to have it cashed at Yielding Brothers. At the time of such presentation the check bore the indorsement "Robt. E. Graham."

Prior to entering upon trial the appellant filed a plea of former jeopardy. The plea asserted that heretofore the appellant had been indicted for forging the check described in the present indictment, that he was placed on trial on the said indictment, and after evidence had been presented, and prior to the instruction of the jury by the court, the State offered to amend the indictment in said cause by adding additional counts. The appellant and his counsel refused to consent to said amendments. The court thereupon entered an order dismissing the prosecution, and ordered the appellant held for the Grand Jury to prefer a new indictment, said order being made a part of the plea.

The court's order recites that the proof showed without contradiction that the check set out in the indictment was lawfully drawn and signed on the face of the check, and in no wise constituted a forgery, but that on the reverse side there appeared an indorsement, Robt. E. Graham, and the proof showed that said Robt. E. Graham did not indorse said check nor authorize anyone to indorse his name on said check, and it is the said indorsement of the name of Robt. E. Graham that constitutes the forgery.

One of the points argued by the appellant's counsel is the action of the trial court in sustaining the demurrer of the State of Alabama to the appellant's plea of former jeopardy.

Section 253 of Tit. 15, Code of Alabama 1940, provides that: "An indictment may be amended, with the consent of the defendant, entered of record, when the name of the defendant is incorrectly stated, or when any person, property, or matter therein stated is incorrectly described."

Section 254, supra, provides that: "If the defendant will not consent to such amendment, the prosecution may be dismissed at any time before the jury retires, as to the count in the indictment to which the variance applies; and the court may order another indictment to be preferred at a subsequent time * * *."

Section 254, supra, is but a recognition of the principle that the acquittal of a defendant because of variance does not prevent trial on a new indictment conforming to the case made by the evidence. The accused is held to have never been in jeopardy, since the crime is not the same, in the sense that it is not sustainable by the same proof, as in the former indictment. Oliver v. State, 234 Ala. 460, 175 So. 305.

If there is no variance, then there is no field of operation for Section 254, supra. The question therefore arises as to whether, under the first indictment charging forgery of the face of the check, a variance arose when the proof in the first trial showed that the face of the check was genuine, but the endorsement of the payee's name on the back had been forged.

The test for determining whether there is a variance between the indictment or complaint, and proof, is whether the facts alleged in the latter indictment, if proved, would warrant a conviction on the first indictment. Mitchell v. State, 16 Ala.App. 635, 80 So. 730; Smith v. State, 25 Ala.App. 339, 146 So. 426.

If the intent is to prosecute for forgery of an endorsement on the back of an otherwise genuine instrument then the indictment should be so drawn as to coincide with such intention. Brown v. State, 30 Ala.App. 339, 7 So.2d 24. Otherwise an accused would not be sufficiently informed to enable him to prepare his defense.

Further, it has been held to be error to permit introduction of evidence of forgery of an endorsement on the back of an instrument where the indictment charged only forgery of the face of the instrument. Crow v. State, 28 Ala.App. 319, 183 So. 897.

We think it clear, that under the test to be applied, as set forth in the Mitchell and Smith cases, supra, and the doctrines pronounced in the Brown and Crow cases, supra, it must be deemed that a variance existed between the first indictment and the proof submitted thereunder.

The plea of former jeopardy clearly showing that a variance existed between the proof and the offense as charged in the first indictment, the court was fully authorized in proceeding under Sec. 254, supra, in dismissing the prosecution and ordering the appellant held for the Grand Jury to prefer a new indictment. Such proceedings furnish no ground for a plea of former jeopardy. Ex parte Shirley, 39 Ala.App. 634, 106 So.2d 671.

It is also argued that the court erred in reference to the admission of certain evidence during the examination of Mrs. Wright, wife of the appellant, and of Mr. Siddons.

No objection was interposed to the evidence elicited from Mrs. Wright. There is therefore nothing before us for review in this regard.

Mr. Robert Graham, without objection, testified that after the robbery of the Union office some woman, who identified herself as Mrs. Herman Wright, had telephoned him and stated that her husband, the appellant, had told her he had not had anything to do with the petty cash, and that the check at Yieldings was the only check he had gotten. Mr. Graham testified he had Mr. Siddons listen in on an extension of his telephone to this conversation.

The State then recalled Mr. Siddons as a witness and attempted to elicit from Mr. Siddons the conversation he had heard on this occasion.

While there was considerable colloquy between respective counsel, and counsel and the court, examination of the record shows that all Mr. Siddons testified to was that he had listened to a conversation between Mr. Graham and some woman unknown to him.

Since both Mrs. Wright and Mr. Graham had testified that Mrs. Wright had called Mr. Graham over the telephone, Mr. Siddons' testimony to the effect that he had listened in on a conversation between Graham and some unknown woman could at best relate only to an undisputed matter even if it be inferred that the woman who called Graham was Mrs. Wright. No harm probably injurious to any substantial right of the appellant could have resulted from this part of Siddons' testimony. Sup. Ct. Rule 45, Code 1940, Tit. 7 Appendix.

The remaining portion of Siddons' testimony was entirely negative and may be illustrated by quoting his answer to one of the questions propounded to him, the answer being:

"A. On the telephone, I remember a conversation but to put it in words I just can't do it, I don't know what it was about."

Without in any wise approving the propriety of the questions propounded, nor of the court's rulings thereon, we can find no probable harm to any substantial right of the appellant in any of Siddons' testimony. Sup.Ct. Rule 45.

Appellant's requested charge 1 being affirmative in nature as to his plea of former jeopardy, was properly refused.

Likewise charges A and C, being affirmative in nature, were properly refused.

Affirmed.