314 So.2d 917

**Ike BROWN**

v.

**STATE.**

**3 Div. 351.**

Court of Criminal Appeals of Alabama.

June 17, 1975.

———◆———

J. Floyd Minor, Montgomery, for appellant.

William J. Baxley, Atty. Gen., and Gary R. Maxwell, Asst. Atty. Gen., for the State, appellee.

LEIGH M. CLARK, Supernumerary Circuit Judge.

Appellant was convicted of the offense of forgery in the second degree, Code 1940, Title 14, Section 200, and his punishment fixed at imprisonment in the penitentiary for a term of thirteen months.

The indictment charged that defendant "with intent to injure or defraud did falsely make, alter, forge or counterfeit an instrument in writing, in words and figures substantially as follows:

[A facsimile of the face of a check purportedly drawn on Central Bank of Montgomery by Comala Credit Union, by Laura Graham and payable to Cleve Carter, Jr., for the sum of $50.00 and a facsimile of the back thereof showing the purported endorsement of Cleve Carter, Jr.]

or, with intent to injure or defraud, did utter and publish as true, the said falsely made, altered, forged, or counterfeited instrument in writing, knowing the same to be so made, altered, forged, or counterfeited, . . ." Omitted from the quoted part of the indictment are some of the formal contents not pertinent here, and omitted from the foregoing summary of the photocopy of the face and back of the instrument recited in the indictment are some barely decipherable (as usual) signs, symbols, words, and numerals, stamped, stained or engraved thereon, indicating negotiation and payment of the check.

On arraignment, defendant pleaded not guilty. He thereafter attempted to enter a plea of guilty, but the plea was not accepted by the court. The case was then set for trial July 29 and then continued for trial to July 31, 1974. On that date, after the jury venire had been qualified, the jury selected by the process of striking and the jury sworn to well and truly try the issues in the particular case, counsel for defendant stated:

"Judge, we question the sufficiency of the indictment, in that the Defendant is

charged with a forged endorsement and the indictment doesn't inform him anywhere in the indictment that he is charged with a forged endorsement."

Thereafter, a three-page colloquy ensued, consisting largely of argument of defendant's counsel and argument of counsel for the State, with comments by the trial judge. The discussion ended with the following:

"THE COURT: Well, I wanted you to be sure to state for the matter of your record that you were demurring to the indictment. Because, I believe that would be the proper instrument for the Defense to use.

"Demurrer is hereby overruled."

to which ruling defendant's counsel reserved an exception. No further reference to the particular matter is found in the record.

The major theme of appellant is that the indictment should have charged defendant with forgery of the endorsement on the check.

There was no contention by the State, and there was no evidence on the trial, that there was any forgery of any portion of the face of the check. As counsel for defendant indicated by his opening statement with reference to the matter, he and defendant knew that defendant was being "charged with a forged endorsement." Other portions of the colloquy confirmed this, as indicated by a portion of his argument in the trial court as follows:

" . . . if it is the intent to prosecute for forgery on back of an otherwise genuine instrument, then the indictment should be so drawn as to coincide with such intention. Otherwise, Defendant would not be sufficiently informed to enable him to prepare his defense."

In his argument to the trial court, and on this appeal, counsel relies largely upon *Wright v. State,* 40 Ala.App. 683, 122 So. 2d 555, in which it was stated:

"If the intent is to prosecute for forgery of an endorsement on the back of an otherwise genuine instrument then the indictment should be so drawn as to coincide with such intention. Brown v. State, 30 Ala.App. 339, 7 So.2d 24. Otherwise an accused would not be sufficiently informed to. enable him to prepare his defense."

In *Wright v. State, supra,* defendant had filed a plea of former jeopardy, asserting that he had been previously indicted for forging the check involved in the case; that he was placed on trial and after evidence had been presented, and prior to the instruction of the jury by the court, the State offered to amend the indictment by adding additional counts. The appellant and his counsel refused to consent to the amendment, and the court entered an order dismissing the prosecution, and ordered the appellant held for the grand jury to prefer a new indictment. A new indictment was returned, in which it seems that defendant was charged with forging the endorsement to the check. The court on appeal upheld the action of the trial court in sustaining the State's demurrer to the plea of former jeopardy, the opinion of the court on appeal stating:

" . . . The question therefore arises as to whether, under the first indictment charging forgery of the face of the check, a variance arose when the proof in the first trial showed that the face of the check was genuine, but the endorsement of the payee's name on the back had been forged."

The court's resolution of that question affirmatively was dispositive of the issue as to the efficacy of the plea of former jeopardy. The court tested the question whether there was a variance by:

" . . . whether the facts alleged in the latter indictment, if proved, would warrant a conviction on the first indictment. Mitchell v. State, 16 Ala.App. 635, 80 So. 730; Smith v. State, 25 Ala. App. 339, 146 So. 426."

The decision in *Wright* finds solid support in *Brown v. State,* 30 Ala.App. 339, 7 So.2d 24, cert. denied, 242 Ala. 485, 7 So. 2d 28. In *Brown* appellant had been convicted under an indictment charging him with forgery in the second degree of an instrument described as a county warrant, in which the evidence showed that the warrant itself was genuine, but there was evidence to show that defendant had forged the signature of one of the payees in an endorsement of the warrant. No question was raised as to the sufficiency of the indictment, but by request for the affirmative charge at the conclusion of the trial, defendant raised the point that there was a variance between the indictment and the proof, in that the indictment charged him with the forgery of the warrant and the evidence showed only that there was a forgery as to the endorsement thereof. The court on appeal held that there was such a variance and that the trial court committed reversible error in refusing to give the defendant's affirmative charge in his favor as requested. On certiorari the Supreme Court said:

"The State contends that when a forgery of an instrument is charged in an indictment as a warrant on the county treasurer signed by the probate judge and indorsed by two named persons, or the utterance of such instrument, a conviction can be sustained though the warrant was genuine, if defendant merely forged the names of the indorsers or uttered it with knowledge that their names had been forged.

"But if the instrument as a whole, including the indorsements, is alleged to have been forged, some authorities hold that the indictment is sustained on proof that it was the indorsements only which were forgeries, when the initial instrument is genuine in all respects. State v. Hearn, 115 Ohio St. 340, 154 N.E. 244; Saucier v. State, 102 Miss. 647, 59 So. 858, Ann.Cas. 1915A, 1044; State v. Waterbury, 133 Iowa 135, 110 N.W. 328; Akin v. State, 86 Fla. 564, 98 So. 609.

"But there are very respectable authorities which hold that the indictment should specify the indorsement, if that is the claim, when the instrument itself is genuine. Cochran v. State, 115 Tex.Cr. R. 201, 30 S.W.2d 316; see other authorities cited by the Court of Appeals.

"But our statute, Title 14, section 200, Code of 1940, defines forgery in the second degree, in part, as the forgery of a bond, bill—single, bill of exchange, promissory note, or any indorsement thereof, and in the statute the utterance of a forged indorsement is specially mentioned. The statutes quoted in the cases relied on by the State do not specify as a separate offense the forgery of an indorsement on such an instrument. Everyone admits that the indorsement itself is a separate contract and is the subject of forgery, but it is not so distinct and independent as not to be embraced in the charge of forgery of the instrument as a whole, setting it out as thus indorsed.

"While the indorsement is not independent, it is a separate and distinct and different contract from any other feature of the instrument. Our statute emphasizes that distinction and that the forgery of an instrument is a different offense from the forgery of an indorsement of it. Under our statute, section 200, supra, a person who is sought to be convicted for forging an indorsement should be apprised of the fact that it is the indorsement which is involved and not the instrument which is indorsed.

"We prefer to predicate our conclusion on the language of the statute, and the proper deduction to be drawn from it. Otherwise the authorities seem to be confusing."

Were this a case in which defendant was not "apprised of the fact that it is the endorsement which is involved and not the instrument which is endorsed" and had properly raised the point, or if it were a

**318**

case in which the affirmative charge was requested by defendant, thereby raising the question of a variance, and such charge was refused by the court, *Brown, supra,* would afford a precedent for a reversal of the conviction, unless the inclusion in the indictment of the words "And on the back thereof appears the following: [the endorsements]," the indictment in this case not containing any similar language, makes that case distinguishable from this one. In the case now before us there was never any contention, at any stage of the proceeding, that defendant was not made fully aware of the fact that the State was proceeding against him on the basis of an alleged forged endorsement. Furthermore, defendant never requested the general charge in his favor. Moreover, the check, of which the indictment contained a reproduction, face and back, was admitted in evidence without objection, and abundant evidence was offered, without objection, as to defendant's forgery of the endorsement thereon.

■ It was not claimed on the trial, and it is not claimed now, that the indictment did not set forth an indictable offense. Even though it should have made it clear that the alleged offense was limited to the endorsement, this did not make the indictment demurrable. The ruling of the trial court as to the invocation of defendant for a ruling, however denominated, was not erroneous. No other ruling relative to the point was ever invoked by defendant.

■ The record shows that there was overwhelming evidence that Cleve Carter, Jr., the payee of the check, and the one whose name was imposed as endorsee on the back of the check, never in fact endorsed the check, which was cashed by the bank and charged to the account of the maker. Defendant testified that he wrote the name of Cleve Carter, Jr., on the back of the check, at the request of the man who identified himself as Cleve Carter, Jr. It is obvious that the jury did not believe defendant's explanation of his claimed innocence of fradulent intent and that the verdict of the jury that defendant was guilty of forgery in the second degree is amply supported by the evidence.

Our review of the record, pursuant to Code 1940, Title 15, Section 389, convinces us that there is no prejudicial error therein. The judgment of the trial court should be affirmed.

The foregoing opinion was prepared by the Honorable Leigh M. Clark, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Affirmed.

HARRIS, TYSON, DeCARLO and BOOKOUT, JJ., concur.

CATES, P. J., not sitting.