Ronnie Weeks was indicted and convicted for criminal possession of a forged instrument *Page 590 
in the second degree in violation of Alabama Code 1975, §13A-9-6. He was sentenced as a habitual offender to fifteen years' imprisonment. Four issues are raised on appeal.
 I
Weeks argues that the indictment was defective for alleging the possession of two separate forged writings in one count. This contention is based on the fact that the indictment contained a photocopy of the front and the back of the forged check. Weeks makes a distinction between forgery of a check and forgery of the endorsement and asserts that "it cannot be ascertained from the face of the indictment whether it is the printed and typed portion of the face of the check which is alleged to have been forged or whether it is the endorsement which appears on the reverse side of the check which is alleged to have been forged." Appellant's brief, p. 13. Weeks contends that a forgery of the face of a check constitutes second degree forgery, which is a felony under Alabama Code 1975, § 13A-9-3, while a forged endorsement only constitutes forgery in the third degree. § 13A-9-4, a misdemeanor.
The State's evidence shows the check itself was forged and was made payable to Ronnie Weeks. In December of 1982, Casey's Fuel Service was burglarized and a series of checks were stolen. In a confession, Weeks admitted cashing the check but maintained that he "wasn't the one that made it out." The evidence showed that Weeks endorsed the back of the check before having it cashed.
The photocopy of the front and the back of the check which was contained in the indictment put Weeks on notice of the nature of the charge against him and the type of forged instrument he was being charged with possessing. Lewis v.State, 169 Ind. App. 172, 346 N.E.2d 754, 757 (1976).
In Brown v. State, 242 Ala. 485, 7 So.2d 28 (1942), our Supreme Court, in denying certiorari in Brown v. State,30 Ala. App. 339, 7 So.2d 24 (1941), held:
 "While the indorsement is not independent, it is a separate and distinct and different contract from any other feature of the instrument. Our statute emphasizes that distinction and that the forgery of an instrument is a different offense from the forgery of an indorsement of it. Under our statute, . . . [Title 14, § 200, Alabama Code 1940], a person who is sought to be convicted for forging an indorsement should be apprised of the fact that it is the indorsement which is involved and not the instrument which is indorsed." Brown, 242 Ala. at 486, 7 So.2d 28.
The indictment charged that Weeks possessed a "forged instrument". Even if, under an indictment for forgery in similar language, he could not have been convicted on proof that he only forged the endorsement, Brown, supra, the indictment was still valid and would support a conviction if the State could prove that he forged the check itself. Under our new Criminal Code, the forgery of the face of a check, as well as the forgery of an endorsement on the back of the check, constitutes forgery in the second degree as defined by §13A-9-3.
Here, the State proved that the check was forged. Weeks was well aware of the nature and cause of the accusation. Only one forged instrument was described and photocopies of both sides of the check were properly set out in the indictment. SeePowers v. State, 333 So.2d 205 (Ala.Cr.App. 1976).
 II
The testimony that, along with the checks, a checkwriting machine was also taken in this same burglary was properly admitted into evidence. The check that Weeks was charged with possessing was one of a number of blank checks that were stolen. In order to prove that Weeks possessed a forged check, the prosecution had to show that the check was forged. The check Weeks possessed had been written by a checkwriter. Although involving the commission of another offense, testimony *Page 591 
of the stolen checkwriter had a legitimate tendency to establish Weeks' guilt of the crime charged and was, for that reason, properly admitted. State v. Forbus, 332 S.W.2d 931 (Mo. 1960); State v. Parton, 637 S.W.2d 39 (Mo.Ct.App. 1982).
 III
The State presented sufficient evidence that Weeks knew that the check was forged. The State proved that the check had been stolen and that no one had authorized its making. In his confession, Weeks admitted that the check was forged.
In addition, "one possessing a forged instrument and applying it to his own use is presumed, in the absence of satisfactory explanation to the jury, to have forged it or to have been privy to its forgery." Gossett v. State, 451 So.2d 437, 438-39
(Ala.Cr.App. 1984).
 IV
Weeks was properly sentenced as a habitual offender.
The prosecution introduced documentary evidence that Weeks had been convicted in Louisiana on three charges of theft of property having a value over the amount of $700 ($877, $869, $743.86). "Any conviction in any jurisdiction, including Alabama, shall be considered and determined to be a felony conviction if the conduct made the basis of that conviction constitutes a felony under [§ 13A-1-2 (4)], or would have constituted a felony under that section had the conduct taken place in Alabama on or after January 1, 1980." A.R.Cr.P.Temp. Rule 6 (b)(3)(iv). In Alabama, "[t]he theft of property which exceeds $100.00 in value but does not exceed $1,000.00 in value" constitutes theft of property in the second degree and is a Class C Felony. § 13A-8-4. See Poole v. State,445 So.2d 967, 972-73 (Ala.Cr.App. 1983). These Louisiana convictions were properly considered by the trial court in sentencing Weeks as a habitual offender.
Under A.R.Cr.P.Temp. Rule 6 (b)(3)(ii), Weeks was entitled to reasonable notice of the prior convictions upon which the State intended to proceed. Defense counsel was provided with that information. The State was not required to give counsel certified copies of the Louisiana statutes under which Weeks had been convicted. The classification of the prior offenses as felonies in Louisiana was not dispositive of their nature for purposes of applying Alabama's Habitual Felony Offender Act. That determination is based upon whether or not the conduct would have constituted a felony if it had taken place in Alabama. A.R.Cr.P.Temp. Rule 6 (b)(3)(iv).
The name on the Louisiana convictions was Ronnie Weeks. His birthdate was the same as this appellant's. The identity of name raises a prima facie presumption of the sameness of the person. Carter v. State, 420 So.2d 292, 296 (Ala.Cr.App. 1982). No evidence was presented to rebut that presumption.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.