Day, J.
 

 The question presented by this record
 
 *343
 
 is whether or not there is a fatal variance where an indictment charges the forgery of a check with intent to defraud, and the uttering and publishing thereof with like intent, and the proof offered shows the check on its face to be genuine and the indorsement on the back a forgery, made with intent to defraud, and that such check was uttered and published with the same intent.
 

 The section of the General Code, Section 13083, under favor of which this indictment was drawn, provides as follows:
 

 “Whoever, with intent to defraud, falsely makes, alters, forges, counterfeits, prints or photographs a record or other authentic matter of a public nature, a license or certificate authorized by law, a charter, letters patent, deed, lease, writing obligatory, will, testament, annuity, bond, covenant bank bill or note, check, bill of exchange, contract, promissory note for the payment of money * * * or, with like intent, utters or publishes as true and genuine such false, altered, forged, counterfeited, falsely printed or photographed matter, knowing it to be false, altered, forged, counterfeited, falsely printed or photographed, is guilty of forgery, and shall be imprisoned in the penitentiary not less than one year nor more than twenty years.”
 

 All crimes in Ohio are statutory, and an indictment charging an offense must be drawn under the rule that “A statute defining a crime or offense cannot be extended, by construction, to persons or things not within its descriptive terms, though they appear to be within the reason and spirit of the statute.”
 
 State
 
 v.
 
 Meyers,
 
 56 Ohio St., 340, 47 N. E., 138.
 

 
 *344
 
 With, the above rule in mind, an examination of this record, in the light of the indictment, shows that an offense within the purview of the section was correctly charged in the indictment, and the court erred in sustaining the motion for a directed verdict. The word “check,” as defined by Webster, is “a written order directing a bank or banker to pay money as therein stated.” It may operate as a receipt or voucher; sometimes it is held to be a bill of exchange or negotiable instrument; it is an evidence of indebtedness, and, as between drawer and the payee, is equivalent to the drawer’s promise to pay. In
 
 Lagonda National Bank
 
 v.
 
 Portner,
 
 46 Ohio St., 381, 383, 21 N. E., 634, a check was held to be a
 
 contract
 
 within the meaning of the statute holding all agreements, notes, bills, bonds, or other
 
 contracts
 
 given for money won or lost at gambling to be void. The term “indorsement” means something written on the back of the check — that which is written on the back of an instrument in writing and which has relation thereto. Indorsements may be in blank, conditional, qualified, or restrictive. While the effect of an indorsement at times is to make different legal relation of parties, the instrument itself may still be within the definition and meaning of the word “check.”
 

 So far as the statute in question is concerned, the word as employed therein covers the word “check” in all its aspects, as to date, amount, drawer, payee, and indorsements. It is as much a violation of the statute to forge a name, with intent to defraud, upon the back of a check, as upon the face thereof.
 

 
 *345
 
 That an indorsement on a check, promissory note, etc., is the subject of forgery is, of course, clearly established. In
 
 Poage
 
 v.
 
 State,
 
 3 Ohio St., 229, it was held: “An indorsement of a promissory note is the subject of forgery under the Crimes Act.”
 

 Under the statute of Florida (Section 5206, Revised General Statutes of 1920), which is similar to the statutes of this state in that it does not specifically provide against forged indorsements, it was held in
 
 Akin
 
 v.
 
 State,
 
 86 Fla., 564, 98 So., 609:
 

 “Generally an indictment for forgery is sufficient when the offense is charged with such degree of certainty as would enable one of common understanding to know what is intended, to enable the court to pronounce a proper judgment in case of conviction, to advise the defendant fully as to his defense; and sufficient facts constituting the offense should be charged that the acquittal or conviction may be pleaded in the event of a subsequent prosecution for the same offense.”
 

 “A fraudulent indorsement of the name of the payee on the back of a county warrant, made payable to the payee or bearer, is not a harmless operation but is forgery, since by the indorsement the holder could look both to the county and the payee for payment of the amount of the warrant.”
 
 Saucier
 
 v.
 
 State,
 
 102 Miss., 647, 59 So., 858, Ann. Cas., 1915A, 1044.
 

 See, also, Am. & Eng. Ann. Cas., vol. 35, p. 1046; 26 Corpus Juris, 921.
 

 It is to be noted that the usual form of charging this offense is to refer in the indictment to the same as the forging of an indorsement, and, while
 
 *346
 
 such, form may be the better practice, we do not regard its omission and the use of the words employed in the statute as to the kind of instrument forged, whether note, check, bond, etc., as fatal to the validity of the indictment, if the copy of such instrument claimed to be forged is set forth therein. We do not understand that counsel for defendant in error deny that an indorsement upon some instrument named in the statute may be the subject of an indictment for forgery, and we infer from the briefs herein that the sustaining of a motion to quash certain indictments previously returned in the same matter, wherein it was averred that “a certain signature of indorsement on a certain check,” etc., was forged, was “due to the indefiniteness of the indictment;” that it “was not quashed because it charged forgery of an indorsement.” The question presented in this record, however, is one of material variance and not the sufficiency of the indictment.
 

 We are cited to the case of
 
 Cosner
 
 v.
 
 State,
 
 1 C. C. (N. S.), 197, 14 C. D., 734, wherein it is held:
 

 “An indorsement of a check is the subject of forgery under Section 7091, Revised Statutes of Ohio.
 

 “An indictment charging the unlawful uttering and publishing as true and genuine a false, forged and counterfeit check, is not supported by proof of the forgery of an indorsement of the payee’s name thereon. The instrument having been issued by the drawer as his genuine act, forging an indorsement thereon of the payee’s name is a distinct and new contract, and the subject of forgery under the statute, Section 7091.
 

 
 *347
 
 “To convict a party of forging an indorsement on a check otherwise genuine, the indictment must charge the particular act complained of, namely, of forging an indorsement of the instrument.”
 

 It would seem that this case was affirmed without report by this court in 68 Ohio St., 722, 70 N. E., 1131, three judges sitting in the hearing, and we are led to believe that in the present case the trial court founded his conclusions largely on this case. However, examination of the records of this court discloses that the ground for the affirmance was that the journal entry of the Circuit Court showed that the reversal was based in part upon the fact that the judgment and verdict were against the weight of the evidence. Under the rules then in vogue, a motion to affirm the judgment was required to be filed, said rule reciting:
 

 “In all cases in which the judgment of the circuit court, reversing the judgment of the court of common pleas, is wholly or partly on the ground that such judgment is not sustained by sufficient evidence, and a petition in error is filed in this court upon the record of the circuit court, a motion to affirm such judgment forthwith shall be entertained.”
 

 This rule is in accord with Section 7356, Revised Statutes, now Section 13751, General Code. The record discloses that a motion to affirm the judgment of the
 
 Cosner case
 
 upon the ground that the record showed that judgment was not sustained by sufficient evidence was filed, and the journal of this court, volume 19, p. 164, shows that the motion was allowed, and therefore the judgment of the court
 
 *348
 
 below was affirmed. Volume 19, p. 169. Hence, we reach the conclusion that the affirmance of that case by this court was rather upon a question of practice than upon the legal question presented herein, and for that reason we do not regard that decision as an adjudication by this court upon such question. However, if such affirmance be construed as an affirmance of the second and third propositions of the syllabus in the case of
 
 Cosner
 
 v.
 
 State,
 
 1 C. C. (N. S.), 197, 14 C. D., 734, such holding is hereby reversed.
 

 We think the accused in this case was amply advised of the offense with which he was charged and the nature of the crime charged against him. The rule stated in
 
 Du Brul
 
 v.
 
 State,
 
 80 Ohio St., 52, 87 N. E., 837, is the correct one, and the same is hereby approved:
 

 '“A criminal charge should be preferred with such certainty and precision as will reasonably apprise the party charged with that which he may expect to meet and be required to answer, and so that the court and jury may know what they are to try and the court may determine without unreasonable difficulty what evidence is admissible; also, that the record to be made will be sufficiently definite to make it clear of what the party has been put in jeopardy.”
 

 See, also,
 
 State
 
 v.
 
 Toney,
 
 81 Ohio St., 130, 90 N. E., 142, 18 Ann. Cas., 395, and
 
 Holt
 
 v.
 
 State,
 
 107 Ohio St., 307, 140 N. E., 349.
 

 In the case of
 
 Burke
 
 v.
 
 State,
 
 104 Ohio St., 220, 135 N. E., 644, there was an indictment for forgery under the section under consideration, it being
 
 *349
 
 claimed that the indictment was fatally defective in not stating the precise instrument upon which an indictment for forgery could properly be predicated. In that case the indictment charged the forgery of a “promissory note, with intent to defraud,” without averring the language of the statute, “a promissory note for the payment of money or other property.” In that case it is said in the opinion, at page 222 (135 N. E., 644):
 

 “It is only necessary that the offense itself should be set forth with clearness and certainty, and that the instrument should be described in such terms as to bring it substantially within the statutory provisions. Any other view would be out of harmony with the oft-repeated expressions of this court, beginning with
 
 Lougee
 
 v.
 
 State,
 
 11 Ohio, 68, and reiterated in
 
 Poage
 
 v.
 
 State,
 
 3 Ohio St., 229, and many later decisions.”
 

 Again, had the trial court seen fit to overrule the motion for a directed verdict, it would have been no abuse of discretion within the terms of Section 13582, General Code, which provide:
 

 “When, on the trial of an indictment, there appears to be a variance between the statement in such indictment and the evidence offered in proof thereof * * * or in the name or description of a matter or thing therein named or described, such variance shall not be ground for an acquittal of the defendant, unless the court before which the trial is had, finds that such variance is material to the merits of the case or may be prejudicial to the defendant.”
 

 Upon the foregoing provision of the General
 
 *350
 
 Code and the reasoning of the cases above cited our conclusion is that the court of common pleas erred in sustaining the motion to direct a verdict, and that the exceptions noted by the prosecuting attorney should therefore be sustained.
 

 Exceptions sustained.
 

 Marshall, C. J., Jones and Allen, JJ., concur.