## VERNON TURNER *v.* STATE OF MARYLAND

[No. 207, September Term, 1968.]

*Decided March 17, 1969.*

*Morton Edelstein,* with whom was *Irving B. Klitzner* on the brief, for appellant.

*James L. Bundy, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Joseph Raymond, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Vernon Turner, the appellant, was convicted of forgery and uttering by the Criminal Court of Baltimore, Judge Stuart F. Hamill presiding without a jury. He was sentenced to a term of four years under the jurisdiction of the Department of Correction. He contends that the evidence is insufficient to support the verdict.

Kathleen Galbrith, cashier at Hochschild Kohn Department Store in Baltimore, testified that on August 19, 1967, Turner, representing himself as Robert Davis and accompanied by another man, requested that she cash a check. The check was in the amount of $97, and was payable to Robert Davis; it purported to bear Davis' endorsement and to be signed by Chandler V. Wynn as maker. Galbrith testified that she suspected something was wrong and called the store detective. The store detective testified that he saw Turner hand the check to Galbrith; and he further testified that when he approached her desk Turner ran. He was quickly captured with the help of another person. Chandler V. Wynn testified that some five days earlier someone had broken into his home and had stolen several items including some blank checks, which included the one in question. He testified that the check was not signed by him. Nancy Kaszak, another employee, confirmed some of the testimony of her fellow employees.

Turner testified that he had accompanied a friend named Ron-

nie Williams to the cashier's window and it was Williams who had attempted to cash the check; and that when Williams went to get some identification the store detective approached Turner.

Turner contends that the evidence was insufficient to justify his conviction, especially as to the forgery count. We will first dispose of the contention as to uttering: the evidence shows that the check was forged and there was adequate evidence that Turner attempted, with a fraudulent intent, to pass the check. No more is required to support a conviction for uttering, *Levy v. State,* 225 Md. 201, 170 A. 2d 216. *Draper v. State,* 231 Md. 423, 190 A. 2d 643. In the absence of a satisfactory explanation the forgery could be inferred from the possession and uttering of the forged instrument, 1 Wharton *Criminal Evidence* § 137 which rule was adopted in *Wesbecker v. State,* 240 Md. 41, 212 A. 2d 737 as one of two possible grounds to support the decision. Of course, there was no obligation on the trial judge to accept the explanation offered by the appellant. *Hale v. State,* 5 Md. App. 205, 245 A. 2d 908.

*Judgment affirmed.*