# HERMAN GREEN *v.* STATE OF MARYLAND

[No. 995, September Term, 1975.]

*Decided September 14, 1976.*

The cause was argued before POWERS, LOWE and MASON, JJ.

*Robert E. Farnell, III,* with whom were *Farnell, Freeland & Wright* on the brief, for appellant.

*Henry E. Dugan, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arrie W. Davis, Assistant Attorney General,* and *Sidney S. Campen, Jr., State's Attorney for Talbot County,* on the brief, for appellee.

POWERS, J., delivered the opinion of the Court.

The first count of an indictment returned by the grand jury of Talbot County charged that Herman Green, on 27 June 1973, with intent to defraud, feloniously did falsely make, forge and counterfeit a certain check or bill of exchange. Count 2 charged that Green caused and procured the forgery of the check, and Count 3 charged that he uttered the forged check.

At a jury trial held in the Circuit Court for Talbot County on 19 November 1973 Green was found guilty of the first count. The trial judge granted his motion for judgment of acquittal on the second and third counts. After sentence was imposed, Green appealed. We affirmed. *Green v. State*, 23 Md. App. 680, 329 A. 2d 731 (1974). We declined to decide a variance question raised in that appeal, because it had not been tried and decided below. Maryland Rule 1085.

Also raised by Green in his first appeal was whether the method of selection of the jury violated his rights. We held that the facts touching on that issue could not be ascertained from the record before us, and said that the resolution of the contention was best left to post conviction procedures. Green's subsequent petition for post conviction relief was granted. His conviction was set aside, and he was awarded a new trial.

The present appeal arose from Green's second trial, held before a jury in the Circuit Court for Talbot County on 9 September 1975. It appears that Green moved to dismiss the second and third counts, on the ground of double jeopardy. The motion was not argued nor ruled upon. In any event, the State, with no objection, entered a nolle pros as to those counts. Green's motion for judgment of acquittal at the close of all the evidence was denied. The verdict of the jury on the first count was guilty.

This appeal raises the question of sufficiency of evidence, which appellant states simply: may a person charged with forgery of a check be convicted on evidence showing forgery of an indorsement to a check? Appellant also questions the sufficiency of the evidence to prove an intent to defraud. Both questions were raised by his motion for judgment of acquittal below, and were decided adversely to him.

For the purpose of deciding the questions presented the facts may be stated very briefly. A book of checks was stolen from the place of business of Thomas Shockley, in Talbot County. A few days later one of the checks was passed at a supermarket in Easton. The check was signed with the name "Thomas Shockely", but Mr. Shockley did not sign his name, nor did he write any part of the check. The named payee was "Robert Thomas", presumably a fictitious name. That name was signed, as an indorsement, on the back of the check. There was expert evidence that it was written by Herman Green, the appellant. There was no evidence to show who filled in the face of the check, except that it was neither Mr. Shockley nor the appellant.

The criminal act charged against appellant was referred to in the indictment as being in "violation of Article 27 Section 44 Annotated Code of Maryland (1957) against the peace, government and dignity of the State." Section 44, with the part relating to uttering deleted, reads:

> "Any person who shall falsely make, forge or counterfeit, or cause or procure to be falsely made, forged or counterfeited, or willingly aid or assist in falsely making, forging, altering or counterfeiting any deed, document or affidavit of waiver or release of mechanics' lien, will, testament or codicil, bond, writing obligatory, bill of exchange, promissory note for the payment of money or property, endorsement or assignment of any bond, writing obligatory, bill of exchange, promissory note for the payment of money or property, acquittance or receipt for money or property, or any acquisition or receipt either for money or for property, with intention to defraud any person whomsoever, * * * shall be deemed a felon, and on being convicted thereof shall be sentenced to the penitentiary for not less than one nor more than ten years."

It will be seen that what the statute does is to deem to be a felon, and prescribe the sentence, for any person who falsely

makes, forges, or counterfeits, with intention to defraud any person whomsoever, any of the following instruments:

a. Deed

b. Document of affidavit of waiver or release of mechanics' lien

c. Will, testament or codicil

d. Bond

e. Writing obligatory

f. Bill of exchange [1]

g. Promissory note for the payment of money or property

h. Indorsement or assignment of any bond, writing obligatory, bill of exchange, promissory note for the payment of money or property

i. Acquittance or receipt for money or property or

j. Any acquisition or receipt either for money or for property.

Also deemed a felon, and likewise punished, is one who causes or procures, or willingly aids or assists another to commit the proscribed acts, and one who utters or publishes as true any such false, forged, altered, or counterfeited instrument.

It is evident that under the statute, forgery of an indorsement on any of certain specified instruments is, or at least can be, a separately indictable crime. It is also clear that forgery of any material part of an instrument is forgery of the instrument. What the question amounts to is whether an indorsement on a check, the forgery of which *may* be charged as a separate crime, becomes an integrated part of the check, so that forgery of that part of the check may be charged as forgery of the check.

Ever since the enactment of Chapter 75, Laws of Maryland, 1799,[2] "An Act for the more effectual preventing

---

1. The Court of Appeals long ago held that a check was a bill of exchange. Hawthorn v. State, 56 Md. 530 (1881); Laird v. State, 61 Md. 309 (1884).

2. That Act has been amended several times, by Chap. 138, Laws of 1809; Chap. 550, Laws of 1890; Chap. 590, Laws of 1900; Chap. 419, Laws of 1902; and Chap. 80, Laws of 1969; but the substance, as it relates to the question before us, remains the same.

of forgery * * * ", forgery of an indorsement or assignment on certain instruments has been statutorily proscribed separately from, or at least in addition to, forgery of the instrument itself.

In our earlier opinion in *Green v. State, supra,* we stated and discussed the variance issue then raised in order to illustrate that it was not before us because it was not raised at the trial. We said, at 685:

> "There is no question but that the first count of the indictment was sufficient on its face to charge that Green forged the check designated. So the indictment itself is not subject to attack. But the general rule is that matters essential to the charge must be proved as alleged in the indictment. *Love and Matthews v. State,* 6 Md. App. 639, 642. We put it thus in *Benjamin v. State,* 9 Md. App. 373, 375: 'It is, of course, well settled that the evidence in a criminal case must not vary from those allegations in the indictment which are essential and material to the offense charged.' When there is a material variance between the *allegata* and the *probata,* the judgment must be reversed. *Melia and Shelhorse v. State,* 5 Md. App. 354, 363."

In *McDuffy v. State,* 6 Md. App. 537, 252 A. 2d 270 (1969), we applied the variance rule when we said, at 538-39:

> "The indictment charged that McDuffy forged an 'American Oil Credit Card.' Testimony showed that the card was not in any way forged or altered by anyone, but that a receipt for certain merchandise was forged by McDuffy, who contends that he cannot be convicted of forging a receipt under an indictment which charges him with forging a credit card. We do not think it requires a citation of authority to support the proposition that an individual cannot be convicted of forging one instrument when the proof shows that he forged an entirely different instrument. We must, therefore, reverse this conviction."

The Court of Appeals has indicated that the forgery statutes in Maryland do not necessarily cover the entire field of forgery. In *Reddick v. State*, 219 Md. 95, 148 A. 2d 384 (1959), the appellant had been convicted of forging and uttering a license to practice medicine and surgery in the State of Maryland. He contended on appeal that the indictment did not charge an offense because Code, Art. 27, § 45, relating to forgery of public documents, referred to "any commission, patent or pardon" and a license to practice medicine was not a commission. The Court of Appeals said, at 98:

"But if we assume, without deciding, that the statute does not cover the case at bar, it would seem that the indictment for forgery and uttering would be good at common law. See *Arnold v. Cost*, 3 Gill & J. 219. Forgery has been defined as 'the false making or material alteration, with intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy or the foundation of a legal liability.' 2 Wharton, *Criminal Law and Procedure* (Anderson's ed.), Sec. 621. See also Clark and Marshall, *Crimes* (5th ed.), Sec. 398. Even where a statute has been enacted covering forgery, the common law offense is still applicable where the statute was not intended to cover the whole field or to repeal the common law. Clark and Marshall, *supra*, Sec. 14; Joyce, *Indictments*, Sec. 14. Cf. *Lutz v. State*, 167 Md. 12, 15."

In the absence of a statute covering checks and indorsements, a forgery of either would undoubtedly be an indictable common law offense. But when the statute, in explicit words, lists a series of written instruments which may be the subject of forgery, we are satisfied that the statute was intended to cover at least so much of the field as is included in the list.

We have considered the distinction in commercial law between an instrument and an indorsement affixed to it, but we are not persuaded that the same distinction is required in

criminal law. The separate and distinct contracts of a drawer and of an indorser, as set out in §§ 3-413 and 3-414 of the Code, Art. 95B,[3] would not preclude a holding in a prosecution for forgery that an indorsement becomes a part of the instrument indorsed.

It is the separate treatment of the offenses in Maryland's forgery statute which requires us to hold that a person may not be convicted of forging a check when the proof shows that he forged only an indorsement. The question seems not to have been ruled upon previously by the Court of Appeals or by this Court. Cases in other jurisdictions do not clearly lay down a general rule, but those which appear to take a view different from ours do so under their own state statutes, which differ from ours. In its brief and argument here the State points to the logic of the holding of the Supreme Court of Ohio in *State v. Hearn*, 154 N.E. 244 (Ohio 1926). That Court stated, at 244:

> "The question presented by this record is whether or not there is a fatal variance where an indictment charges the forgery of a check with intent to defraud, and the uttering and publishing thereof with like intent, and the proof offered shows the check on its face to be genuine and the indorsement on the back a forgery, made with intent to defraud, and that such check was uttered and published with the same intent."

Noting that all crimes in Ohio were statutory, and that it was established Ohio law that an indorsement on a check was the subject of forgery, the Court set out the forgery statute. The statute listed, as the subjects of forgery, "a record or other authentic matter of a public nature, a license or certificate authorized by law, a charter, letters patent, deed, lease, writing obligatory, will, testament, annuity, bond, covenant bank bill or note, check, bill of exchange, contract, promissory note for the payment of money, * * *."

---

**3.** Now Commercial Law Article.

The Court discussed the meaning of the word "indorsement" with relation to the word "check", and said, at 245:

"While the effect of an indorsement at times is to make different legal relation of parties, the instrument itself may still be within the definition and meaning of the word 'check.'

"So far as the statute in question is concerned, the word as employed therein covers the word 'check' in all its aspects, as to date, amount, drawer, payee, and indorsements. It is as much a violation of the statute to forge a name, with intent to defraud, upon the back of a check, as upon the face thereof."

The Ohio Court referred to a Florida case, *Akin v. State*, 98 So. 609 (Fla. 1923), which reached a similar result, and noted that the statutes in both states were similar in that they did not separately provide against forged indorsements.

If the General Assembly of Maryland had not separately listed indorsement of a bill of exchange as a subject of forgery under the Maryland statute, we would be inclined to regard *State v. Hearn, supra,* as persuasive that it was the legislative intent that an indorsement should be construed to be a part of the instrument indorsed. But the Maryland statute is radically different from that of Ohio. It is significant also that Ohio had no common law crimes, and its legislature could hardly have intended that forging indorsements on checks should go unpunished.

Similar to *State v. Hearn, supra,* in result, but not in reasoning, is *State v. Kendrick*, 173 N.W.2d 560 (Iowa 1970). Kendrick was convicted on a charge that he "forged a certain instrument in writing purporting to be a bank check." The proof showed that he forged an indorsement on a check otherwise genuine. The Iowa statute listed numerous instruments as subjects of forgery, among them a bill of exchange, an indorsement of a bill of exchange, and an instrument in writing by which any pecuniary obligation is or purports to be created. Kendrick argued that the State

charged him with forgery of a check, but proved a different crime. The Supreme Court of Iowa disagreed with his premise, and held that the charge was forgery of "a certain instrument in writing", and that the evidence that he forged an indorsement supported his conviction on that charge.

Other cases tend to support the contention of the appellant in the case before us. In *Cochran v. State*, 30 S.W.2d 316 (Texas Crim. App. 1930), the accused was convicted on an indictment charging that he made a false instrument in writing, and setting out in full, including the indorsement on the back, the tenor of the instrument, which was a county treasurer's warrant for the payment of money. The proof showed that the warrant was genuine, and only the indorsement was false. The Court said that the indorsement, although set out in the indictment, was no part of the check, and that the evidence did not coincide with the charge. The Court made no reference to a statute, but held that the variance was fatal, and required reversal of the conviction. In *Landrum v. State*, 42 S.W.2d 1026 (Texas Crim. App. 1931), the same court relied upon *Cochran* to hold that a conviction on a charge of making a false instrument, setting out a check, including the indorsement, could not stand, when the evidence showed that only the indorsement was forged. *Ames v. State*, 499 S.W.2d 110 (Texas Crim. App. 1973), cited by the State, is inapposite. Both the charge and the proof were the forgery of an indorsement. The forgery statute in Texas contained no itemization of instruments subject to forgery, but used the general term, "false instrument in writing, purporting to be the act of another." The Court held that a false indorsement was included within the offense of forgery as defined in the statute.

The Court of Appeals of Alabama, in *Brown v. State*, 7 So. 2d 24 (Ala. App. 1941), relying upon *Cochran v. State, supra, Landrum v. State, supra,* and numerous other authorities cited, held that there was a fatal variance when the indictment charged forgery of an instrument, setting out a warrant of the county commissioners, and the proof showed forgery only of the indorsement. In a brief opinion

576

accompanying a denial of certiorari, the Supreme Court of Alabama, *Brown v. State,* 7 So. 2d 28 (Ala. 1942), said:

"But our statute * * * defines forgery in the second degree, in part, as the forgery of a bond, bill — single, bill of exchange, promissory note, or any indorsement thereof, and in the statute the utterance of a forged indorsement is specially mentioned. The statutes quoted in the cases relied on by the State do not specify as a separate offense the forgery of an indorsement on such an instrument. Everyone admits that the indorsement itself is a separate contract and is the subject of forgery, but it is said in those authorities that it is not so distinct and independent as not to be embraced in the charge of forgery of the instrument as a whole, setting it out as thus indorsed.

"While the indorsement is not independent, it is a separate and distinct and different contract from any other feature of the instrument. Our statute emphasizes that distinction and that the forgery of an instrument is a different offense from the forgery of an indorsement of it. Under our statute * * * a person who is sought to be convicted for forging an indorsement should be apprised of the fact that it is the indorsement which is involved and not the instrument which is indorsed."

Perhaps more on point than any other is the recent case of *State v. Daye,* 23 N.C. App. 267, 208 S.E.2d 891 (1974), in which the Court dismissed a prosecution because of a fatal variance. It said, at 893:

"It is apparent that the bill of indictment charges the defendant with the crime of uttering a forged check. Yet the evidence tends to show that the drawer, the drawee, the payee, the date, and the amount are perfectly valid. The evidence offered at trial tended to show that the defendant uttered the check with the *forged endorsement* of Vernon

Respass, the payee. This is an act wholly different
from the act of uttering a forged paper. The first
sentence of G.S. § 14-120 makes it illegal to utter a
forged paper; the second sentence of G.S. § 14-120
makes it illegal to utter an instrument with a
forged endorsement. The offenses are separate and
distinct felonies."

The State suggests in its brief that aside from the
indorsement, the evidence that appellant had possessed the
check would support a finding that he "played a part in the
forgery of the face of the check" or that he "forged the face
of the check either by his own hand or in complicity with
others". It is true that an inference that appellant forged the
check might ordinarily be permitted. The Court of Appeals
said in *Wesbecker v. State*, 240 Md. 41, 212 A. 2d 737 (1965),
at 45:

"As the possessor of the forged $432.50 check and the
utterer of it, there is an inference which established
a prima facie case of guilt of forgery by the
possessor."

We applied the same rule in *Turner v. State*, 6 Md. App. 337,
251 A. 2d 383 (1969). In that case, Turner was convicted of
forgery and uttering upon evidence that he attempted to
cash a forged check in a department store. He argued that
the evidence was not sufficient to show that he forged the
check. We said, at 339:

"In the absence of a satisfactory explanation the
forgery could be inferred from the possession and
uttering of the forged instrument, * * *."

On the evidence in this case the court could not permit the
jury to infer that the appellant forged the face of the check
from the mere fact that he physically possessed it when he
forged the indorsement on the back. An inference may be
resorted to for the purpose of filling, by logical deduction, an
evidentiary area otherwise void of credible evidence. There
was no void here. The State's own handwriting expert
supplied affirmative evidence that Green did not write the

face of the check. To the extent that the State suggests that appellant forged the check "in complicity with others", the second count of the indictment had charged that the appellant did cause or procure the check to be forged, but his motion for judgment of acquittal on that charge was granted by the trial court.

Appellant's other contention, that the evidence was not sufficient to show that he had the intention to defraud any person, has no merit. It is inherent in the nature of intent, a subjective determination, that rarely can it be proved directly, and ordinarily it must be inferred. *Yopps v. State,* 234 Md. 216, 198 A. 2d 264 (1964); *Waller v. State,* 13 Md. App. 615, 284 A. 2d 446 (1971); *Wiggins v. State,* 8 Md. App. 598, 261 A. 2d 503 (1970).

The evidence before the jury was sufficient to permit it to infer that appellant presented the check at the supermarket and received goods or money, or both, in return. If he did that, he defrauded the owner of the store, and the jury could find that the fraud was intended.

*Judgment reversed.*
*Case remanded for a new trial.*
*Costs to be paid by Talbot County.*