506 A.2d 655

**Johnnie Lee HARRIS**

v.

**STATE of Maryland.**

**No. 801, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

April 3, 1986.

Sherrie B. Glasser, Asst. Public Defender (Alan H. Murrell, Public Defender, on brief), Baltimore, for appellant.

Ann E. Singleton, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., Baltimore, and J. Donald Braden, State's Atty. for Queen Anne's County, Centreville, on brief), for appellee.

Argued before MOYLAN, WEANT and ADKINS, JJ.

WEANT, Judge.

Johnnie Lee Harris was charged with forging a bill of exchange and uttering a false or forged bill of exchange in violation of Md.Ann.Code art. 27, § 44.  The evidence adduced in the Circuit Court for Queen Anne's County disclosed that appellant forged the indorsement on the back of an otherwise valid check and then cashed it.  Relying on *Green v. State,* 32 Md.App. 567, 363 A.2d 530 (1976), the trial court granted appellant's motion for judgment of acquittal on the forgery count.  The court refused, however, to dismiss the uttering charge and found Harris guilty of uttering a false bill of exchange.

In *Green,* this Court held that because Md.Ann.Code art. 27, § 44 separately listed indorsement of a bill of exchange as a subject of forgery, "a person may not be convicted of forging a check when the proof shows that he forged only an indorsement." *Id.* at 573, 363 A.2d at 534.  Because art. 27, § 44 also separately lists indorsement of a bill of exchange as a subject of uttering, we find that this Court's holding in *Green* supports appellant's claim that there is a fatal variance between the crime established at trial and the crime for which he stands convicted.

JUDGMENT REVERSED.

COSTS TO BE PAID BY QUEEN ANNE'S COUNTY.