Judge GIERKE
delivered the opinion of the Court.
This ease concerns how to charge a “double forgery,” which occurs where a check has both “a forged payor signature and a forged indorsement.” Black’s Law Dictionary 661 (7th ed.1999). Forging a drawer’s signature on a check violates Article 123, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 923 (2000). Forging an indorser’s signature on a check also violates Article 123. Where both the drawer’s signature and the indorser’s signature are forged on the same check, has one forgery offense occurred or two? We hold that the Government may properly charge a “double forgery” as two separate offenses.
I. BACKGROUND
A. Case History
In accordance with Appellant’s guilty pleas, a general court-martial convicted him of making a false official statement, two specifications of larceny, and two specifications of forgery, in violation of Articles 107, 121, and 123, UCMJ, 10 U.S.C. §§ 907, 921, and 923 (1994). A panel of officer and enlisted members sentenced him to a bad-conduct discharge, confinement for three years, total forfeiture of pay and allowances, and reduction to the lowest enlisted grade. The convening authority approved the sentence as adjudged.
The Army Court of Criminal Appeals affirmed the findings and sentence in a divided unpublished opinion.[1] We granted review to determine whether separately charging the forgery of the drawer’s signature and forgery of the indorser’s signature on the same check violates the prohibitions against multiplicity or the unreasonable multiplication of charges.[2]
B. Facts
Appellant was charged with forging 16 checks.[3] He made 12 of the checks payable *93 to himself and four payable to his wife. One specification charged him with forging the writing on the front of the checks, including the drawer’s signatures. A separate specification charged him with forging his wife’s signature as the indorser on the four checks made payable to her.
Before entering pleas, the defense moved to dismiss the specification alleging the forged indorsements, arguing that it was multiplicious with the specification alleging forgery of the writing on the front of the checks. Citing our opinion in United States v. Weymouth, 43 M.J. 329 (C.A.A.F.1995), the defense counsel offered three rationales: (1) the specification alleging the forged checks “covers” the specification alleging the forged indorsements; (2) the two specifications apply to misconduct that was “substantially one transaction”; and (3) “this is just simply multiplication of charges.” The military judge deferred ruling on the motion. Appellant then pleaded guilty to all of the charges and specifications.
After the providence inquiry, the military judge ruled that the two specifications at issue were multiplicious for sentencing purposes, but not for findings purposes. This reduced the maximum authorized period of confinement from 115 years to 95 years. After that ruling, Appellant indicated his continued desire to plead guilty. The military judge then entered findings of guilty to all charges and specifications.
During the providence inquiry, Appellant explained that he acquired possession of the checkbook of his civilian roommate, Little Joe M. Sandoval. Appellant forged 12 of the checks payable to himself and, without his estranged wife’s knowledge, made four payable to her. He explained that he made some payable to his wife “so I wouldn’t have so many in my name.” He indorsed the four checks with his wife’s forged signature and successfully negotiated them at a federal credit union in Colorado. Appellant agreed with the military judge that this could have resulted in his wife’s “financial legal liability” for the money he received.
II. DISCUSSION
A. Multiplicity
When Appellant forged Mr. Sandoval’s signature as the drawer of the four checks at issue, he clearly violated Article 123 because those signatures, if genuine,[4] would make Mr. Sandoval legally liable to pay the amounts stated on the checks. See Manual for Courts-Martial, United States (2002 ed.), Part IV, para. 48.(b).(l) [hereinafter MCM] (setting out the elements of forgery). When Appellant signed his wife’s name as the apparent indorser of the four checks at issue, he also clearly violated Article 123 because had her signature been genuine, the governing state law would have obligated her to pay the face amount of the check if it was dishonored. See Colo.Rev.Stat. Ann. § 4-3-415 (West Supp.2003); see also United States v. Faircloth, 43 M.J. 711, 717 (A.F.Ct.Crim.App.1995) (Becker, J., concurring), rev’d on other grounds, 45 M.J. 172 (C.A.A.F.1996). Thus, Appellant could have been charged with forging either the writing on the front of the checks or the indorsements. The question in this case is whether he could be found guilty of both.
Double forgeries “are not uncommon, because a criminal forging the drawer’s signature and hoping to escape detection is unlikely to make the bogus check payable to himself or herself. Therefore, many forged checks are made payable to third parties whose endorsements are then also forged, creating a double forgery.” Alvin C. Harrell, Impact of Revised UCC Articles S and J on Forgery and Alteration Scenarios, 51 Consumer Fin. L.Q. Rep. 232, 239-40 (1997). *94 Despite the common nature of double forgery, the issue of whether an accused may be separately convicted of forging a drawer’s signature and an indorsement on the same cheek is a question of first impression in the military justice system.
An unconditional guilty plea waives a multiplicity issue unless the offenses are “‘facially duplicative,’ that is, factually the same.” United States v. Lloyd, 46 M.J. 19, 23 (C.A.A.F.1997) (citations omitted). Whether two offenses are facially duplicative is a question of law that we will review de novo. Cf. United States v. Palagar, 56 M.J. 294, 296 (C.A.A.F.2002) (issue of whether offenses are greater and lesser-included offenses is question of law subject to de novo review). Two offenses are not facially duplicative if each “requires proof of a fact which the other does not.” United States v. Hudson, 59 M.J. 357, 359 (C.A.A.F.2004) (quoting Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932)). Rather than constituting “a literal application of the elements test,” determining whether two specifications are facially duplicative involves a realistic comparison of the two offenses to determine whether one is rationally derivative of the other. Id. (citing United States v. Foster, 40 M.J. 140, 146 (C.M.A.1994)). This analysis turns on both “the ‘factual conduct alleged in each specification’ ” and “the providence inquiry conducted by the military judge at trial.” Id. (quoting United States v. Harwood, 46 M.J. 26, 28 (C.A.A.F.1997)).
In this case, Appellant entered an unconditional plea of guilty and persisted with that plea after the military judge denied the defense’s multiplicity motion. Accordingly, we will find multiplicity only if the specification alleging forgery of the checks facially duplicates the specification alleging forgery of the indorsements.
The two specifications are not facially duplicative. Rather, they separate the information on the front of the cheeks, which is expressly alleged in one specification, from the indorsements forged on their backs, which is alleged in another. As the Army Court of Criminal Appeals, 59 M.J. 13, noted, “the precise language of the specification” alleging forgery of the checks “includes only the check numbers, dates, payees, amounts and payors, but not the endorsement signatures.” Pauling, No. 9700685, 59 M.J. 13, slip op. at 4. The specification alleging forgery of the checks does include Mrs. Pauling’s name as the relevant checks’ payee. However, the other specification alleges the factually distinct act of forging her signature as the indorser. We agree with those state courts that have recognized forgery of an indorsement as not only factually distinct, but also legally distinct from forgery of the check itself.[5] A double forgery creates two victims. Forging Mr. Sandoval’s name as the drawer imposed an apparent legal *95 liability on him to pay the face amount of the check. Additionally, under the law of the jurisdiction where the cheeks were negotiated,[6] the indorser is obligated to pay a check’s face amount in the event of dishonor. The risk that such an obligation will arise is particularly high where a cheek bears a forged drafter’s signature, thus providing a basis for its dishonor. Forging Mrs. Pauling’s name as the check’s indorser therefore imposed an apparent legal liability on her, as well. Holding that forgery of the drawer’s signature is multiplicious with forgery of the indorser’s signature would ignore one of the double forgery’s two victims.
As Appellant demonstrated all too well, negotiating a forged check can be accomplished with or without a forged indorsement. Attempting to deceive by falsely indorsing a check with an actual person’s name[7] subjects that person to apparent financial liability, thereby satisfying all of the elements of forgery. See MCM, Part IV, para. 48.(b).(l). Such a false indorsement could also lead law enforcement authorities to suspect an innocent person of having forged the check itself. For example, in this ease Appellant’s misdeeds resulted in law enforcement officials interviewing his wife, fingerprinting her, obtaining handwriting exemplars from her, and taking her sworn statement.
Accordingly, we decline to establish a “two forgeries for the price of one” rule.
B. Unreasonable Multiplication of Charges
Appellant also complains that charging the forged indorsements in a separate specification from the forgery of the writing on the front of the checks resulted in an unreasonable multiplication of charges. “What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person.” Rule for Courts-Martial 307(c)(4) discussion. “Unreasonable multiplication of charges is reviewed for an abuse of discretion.” United States v. Monday, 52 M.J. 625, 628 n. 8 (A.Ct.Crim.App.1999). See also United States v. Quiroz, 55 M.J. 334, 338 (C.A.A.F.2001).
We have endorsed a five-part test for determining whether the Government has unreasonably multiplied charges:
(1) Did the accused object at trial that there was an unreasonable multiplication of charges and/or specifications?
(2) Is each charge and specification aimed at distinctly separate criminal acts?
(3) Does the number of charges and specifications misrepresent or exaggerate the appellant’s criminality?
(4) Does the number of charges and specifications unreasonably increase the appellant’s punitive exposure?
(5) Is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges?
See Quiroz, 55 M.J. at 338 (approving with modification test established by United States v. Quiroz, 53 M.J. 600, 607 (N.M.Ct.Crim.App.2000)). These factors must be balanced, with no single factor necessarily governing the result.
Even assuming that the defense counsel satisfied the first Quiroz criterion when he objected that “this is just simply multiplication of charges,” the defense has not satisfied any of the other four Quiroz criteria.
Regarding the second Quiroz criterion, we have already concluded that the specification alleging forgery of the writing on the front of the checks was aimed at distinctly separate criminal acts from the specification alleging forgery of the indorsements.
Nor can Appellant meet the third Quiroz criterion, which considers whether the charges exaggerate his criminality. On the contrary, charging the forgery of 16 checks and four indorsements in two specifications was a fair and reasonable exercise of prosecutorial discretion.
*96 In this case, charging the forged indorsements in a separate specification did not implicate the fourth Quiroz criterion concerning increased punitive exposure. The military judge held that the two specifications were multiplicious for sentencing purposes and adjusted the maximum punishment accordingly.[8] See United States v. McKinley, 27 M.J. 78, 80 (C.M.A.1988) (treating military judge’s instructions as law of the case).
Finally, nothing in the record suggests prosecutorial abuse, the fifth Quiroz criterion. This was not a case of “unreasonable multiplication of charges by creative drafting.” United States v. Morrison, 41 M.J. 482, 484 n. 2 (C.A.A.F.1995). Rather, this was a case of appropriately charging Appellant’s overly-creative criminal activity.
III. CONCLUSION
The decision of the United States Army Court of Criminal Appeals is affirmed.

. United States v. Pauling, No. 9700685, slip op. (A.Ct.Crim.App. July 15, 1999) (per curiam) (mem.).

.' The granted issues are:
I. WHETHER THE LOWER COURT ERRED IN REFUSING TO FIND SPECIFICATION 1 OF CHARGE II (FORGERY) MULTIPLI-CIOUS WITH SPECIFICATION 2 (FORGERY) OF THE SAME CHARGE WHEN BOTH SPECIFICATIONS ADDRESSED THE SAME FORGED CHECKS. II. WHETHER THE LOWER COURT ERRED IN REFUSING TO FIND SPECIFICATION 1 OF CHARGE III AS AN UNREASONABLE MULTIPLICATION OF SPECIFICATION 2 OF THE SAME CHARGE.

. The checks were drawn on a credit union. At one time, arcane distinctions existed between a “share draft” drawn on a credit union and a "check.” See United States v. Eatmon, 47 M.J. 534, 536 n. 2 (A.F.Ct.Crim.App.1997), affd, 49 M.J. 273 (C.A.A.F.1998). However, the law of *93 negotiable instruments now includes share drafts within the definition of checks. See U.C.C. § 3-104 cmt. 4 (amended 2002).

. Under Article 123, forgery occurs where a person falsely makes a signature under circumstances where the forged signature, if it were genuine, would apparently impose a legal liability on another. "In military law, as in the civilian criminal law, actual legal liability of the person whose signature is forged to a document is not required; all that is necessary is that legal liability would 'apparently' result if the signature were genuine.” United States v. Uhlman, 1 M.J. 419, 421 (C.M.A.1976) (Cook, J., dissenting).

. See, e.g., Brown v. State, 242 Ala. 485, 7 So.2d 28, 28 (1942) (recognizing that an indorsement is a separate contract from the instrument and holding that "forgery of an instrument is a different offense from the forgery of an indorsement of it"); State v. Waterbury, 133 Iowa 135, 110 N.W. 328, 328 (Iowa 1907) (“The check was a complete instrument without the indorsements. These formed no part of it, but were distinct contracts.”); Green v. State, 32 Md.App. 567, 363 A.2d 530, 532 (Md.Ct.Spec.App.1976) ("under the [Maryland forgery] statute, forgery of an indorsement on any of certain specified instruments is, or at least can be, a separately indictable crime”); Miller v. People, 52 N.Y. 304, 305 (1873) (“The check was a complete instrument without the indorsement. The indorsement did not form part of the check, but was a distinct contract.”); State v. Daye, 23 N.C.App. 267, 208 S.E.2d 891, 893 (1974) (uttering a forged check and uttering a forged indorsement "are separate and distinct felonies”); Cochran v. State, 115 Tex.Crim. 201, 30 S.W.2d 316 (1930) (holding that because an indorsement on the back of a check does “not constitute a part of” the check itself, charging the forgery of one but proving the forgery of the other resulted in a fatal variance). Contra see, e.g., People v. Connell, 91 Ill.App.3d 326, 46 Ill.Dec. 743, 414 N.E.2d 796 (1980) (holding that in the context of the forgery statute, the term "makes” includes the term "endorses” because without indorsement, a check cannot be cashed); State v. Hearn, 115 Ohio St. 340, 154 N.E. 244, 245 (1926); State v. Smart, No. 76AP-397, 1976 Ohio App. LEXIS 7553 (Ohio Ct.App. Oct. 21, 1976) (holding that forging drawer's name on check, forging indorser’s name on check, and uttering the forged check constituted "the same conduct" and could support conviction of only one offense); Sprouse v. Commonwealth, 81 Va. 374, 378 (1886) (treating double forgery as "one transaction—a forgery”).

. See Col.Rev.Stat. Ann. § 4-3—415 (West Supp. 2003). This statute is a virtually verbatim duplicate of the official Uniform Commercial Code’s text. See U.C.C. § 3-415 (1993).

. In this case, we need not and do not address the multiplicity implications of signing a fictitious name as the indorser on a check bearing a forged drawer's signature.

. While not within the scope of the issues before us, we note that the military judge did not deliver, nor did the defense request, an instruction that the forgery of the four indorsements merged with the forgery of the relevant checks for sentencing purposes. See United States v. Holsworth, 7 M.J. 184, 187 (C.M.A.1979).