# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class MICHAEL A. RUSSELL**
**United States Army, Appellant**

ARMY 20150397

Headquarters, Fort Campbell
Steven E. Walburn, Military Judge
Colonel Susan K. Arnold, Staff Judge Advocate

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Captain Heather L. Tregle, JA; Captain Katherine L. DePaul, JA (on brief); Captain Heather L. Tregle, JA; Captain Katherine L. DePaul, JA (on reply brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie, III, JA; Lieutenant Colonel Kirsten M. Dowdy, JA (on brief); Major Anne C. Hsieh, JA.

18 November 2016

------------------------------------
SUMMARY DISPOSITION
------------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, consistent with his pleas, of one specification of indecent language and six specifications related to the possession of child pornography, distribution of child pornography, receipt of child pornography, soliciting the production and distribution of child pornography, in violation of Articles 120b and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920b, 934 (2012 & Supp. I 2014) [hereinafter UCMJ]. The military judge sentenced appellant to a dishonorable discharge, confinement for fifteen years, forfeiture of all pay and allowances, and reduction to the grade of E-1. Pursuant to a pretrial agreement, the convening authority approved the adjudged sentence except that portion extending to confinement in excess of ten years.

This case is before the court for review pursuant to Article 66, UCMJ. Appellant assigns two errors. One error warrants discussion, but no relief.

## BACKGROUND

Appellant, among other things, pleaded guilty to soliciting his fourteen year old niece, on multiple occasions, to take digital pictures of her genitalia and nude body and send them to him. She complied, taking and sending the pictures. Specification 5 of Charge II involved the solicitation of distribution of child pornography by having the pictures sent to him. Specification 6 was the solicitation to create child pornography by taking the images of her genitalia and nude body. The dates and locations of the two specifications were otherwise identical.

In appellant's negotiated pretrial agreement, he agreed to waive "all waivable motions." Despite that express language, appellant moved at trial for merger for sentencing of two sets of specifications, Specifications 1 and 4 of Charge 1 and Specifications 5 and 6 of Charge 1. The government did not object to the requested merger as contrary to the plea agreement, and joined the motion, which the military judge granted. The appellant now asks this court to find the two specifications that he requested be merged for sentencing, Specifications 5 and 6, be found an unreasonable multiplication of charges for findings.

## UNREASONABLE MULTIPLICATION OF CHARGES

Appellant asserts that the military judge abused his discretion in not merging the solicitation offenses for findings. We disagree. Appellants' plea of guilty, especially when part of a negotiated pretrial agreement, waived the issue of whether any of the specifications were unreasonably multiplied. *United States. v. Schweitzer*, 68 M.J. 133, 136 (C.A.A.F. 2009). Unless the offenses are "facially duplicative" a guilty plea waives any claim that the offenses are unreasonably multiplied. *Id.* (citing *United States v. Pauling*, 60 M.J. 91, 94 (C.A.A.F. 2004). As we have previously stated in *United States v. Thomas*, "the issue is not whether the military judge erred" but whether on appeal "we should exercise our awesome, plenary de novo power of review to notice waived and forfeited error." ARMY 20150205, 2016 CCA LEXIS 551 (Army Ct. Crim. App. 9 Sept. 2016) (citing *United States v. Nerad*, 69 M.J. 138, 141-42, 144, 146-47 (C.A.A.F. 2010)) (internal quotation marks omitted). We decline to do so.

Appellant agreed to plead guilty to all the alleged specifications in his plea agreement waiving "all waivable motions." Remarkably, the government did not object to the violation of this term at appellant's court-martial by withdrawing from the agreement. Instead, they joined the motion to reduce appellant's punitive exposure from seventy years to fifty-five years. Nothing in this record persuades us that we should exercise our discretionary authority to disturb that which appellant specifically negotiated. *See United States v. Chin*, 75 M.J. 220 (C.A.A.F. 2016).

**CONCLUSION**

The finding of guilty and sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3