# CORRECTED COPY

# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist\* PATRICK A. WRIGHT**
**United States Army, Appellant**

ARMY 20121075

Headquarters, United States Army Maneuver Center of Excellence
Stephen E. Castlen, Military Judge
Colonel James F. Garrett, Staff Judge Advocate

For Appellant: Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA; Captain Robert N. Michaels, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Catherine Brantley, JA; Captain Daniel M. Goldberg, JA (on brief).

16 December 2013

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of two specifications of aggravated sexual assault, and one specification of providing alcohol to a minor, in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 934 (Supp. III 2010) [hereinafter UCMJ]. The military judge sentenced appellant to fifteen months of confinement, forfeiture of all pay and allowances, reduction to E-1, and a bad-conduct discharge. The convening authority approved the adjudged sentence.

This case is before this court for review pursuant to Article 66, UCMJ. Appellant alleges that his conviction for two specifications of aggravated sexual assault constitute an unreasonable multiplication of charges. The government concedes that both specifications arise from one transaction. We agree and grant relief for an unreasonable multiplication of charges in our decretal paragraph. The matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) do not merit discussion or relief.

\* Corrected

## BACKGROUND

Appellant and the victim, SPC TL, were both attending Advanced Individual Training (AIT), at Fort Huachuca, Arizona. During AIT, appellant and SPC TL became friends. One evening, they went out, as friends, to dinner and later went to a club to dance. Appellant, who was 21 years old, provided several alcoholic drinks to SPC TL. Specialist TL was not of legal age to drink. Specialist TL became intoxicated and went to a hotel room and went to sleep. A little while later, appellant arrived at the hotel room and found SPC TL asleep. He removed his clothes, her clothes, spread her legs, and inserted his penis into her vagina.

Appellant was charged with and pled guilty to the following Article 120, UCMJ specifications:

> SPECIFICATION 1: In that [appellant], U.S. Army, did, at or near Sierra Vista, Arizona, between on or about 1 July 2010 and on or about 1 October 2010, engage in a sexual act, to wit: penetrate with his penis, the vulva of [SPC TL], who was substantially incapacitated.

> SPECIFICATION 2: In that [appellant], U.S. Army, did, at or near Sierra Vista, Arizona, between one or about 1 July 2010 and on or about 1 October 2010, cause [SPC TL] to engage in a sexual act, to wit: penetration, with his penis, the vulva of [SPC TL] by causing bodily harm upon her to wit: spreading her legs open.

At trial, the military judge announced that he would consider both specifications as one offense for purposes of sentencing. Neither party objected to the court's ruling. The defense never made a motion for unreasonable multiplication of charges for sentencing or findings.

## LAW AND DISCUSSION

We review issues of unreasonable multiplication of charges for an abuse of discretion. *United States v. Pauling*, 60 M.J. 91, 95 (C.A.A.F. 2004). Although appellant failed to raise the issue at trial, the issue was not expressly waived and we review using the plain error standard. *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009). The appellant must demonstrate that: (1) there was error; (2) the error was plain or obvious; and (3) the error materially prejudiced a substantial right of the appellant. *United States v. Harcrow*, 66 M.J. 154, 158 (C.A.A.F. 2008).

Appellant's aggravated sexual assault convictions arise from the same transaction. Appellant spread SPC TL's legs apart in order to have sexual intercourse with her. He was able to accomplish these actions because SPC TL was substantially incapacitated. Thus, the offenses are necessarily intertwined. "What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." Rule for Courts-Martial 307(c)(4).

2

We consider five factors to determine whether charges have been unreasonably multiplied:

> (1)  Did the accused object at trial that there was an unreasonable multiplication of charges and/or specifications?;
>
> (2)  Is each charge and specification aimed at distinctly separate criminal acts?;
>
> (3)  Does the number of charges and specifications misrepresent or exaggerate the appellant's criminality?;
>
> (4)  Does the number of charges and specifications [unreasonably] increase [the] appellant's punitive exposure?; and
>
> (5)  Is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges?

*United States v. Quiroz*, 55 M.J. 334, 338 (C.A.A.F. 2001) (internal citation and quotation marks omitted) (internal alteration reflects the holding in *Quiroz* that "unreasonably" will be utilized instead of "unfairly").

Under the facts of this case, the *Quiroz* factors balance in favor of appellant, requiring that we set aside the findings of guilt of one of the specifications of aggravated sexual assault.  *See United States v. Campbell*, 71 M.J. 19, 23 (C.A.A.F. 2012) (noting one or more factors may be sufficiently compelling, without more, to warrant relief).  These two convictions unreasonably exaggerate appellant's criminality.  Accordingly, we set aside the finding of guilty for the specification of aggravated sexual assault where the victim was substantially incapacitated, that is, Specification 1 of Charge I.

We now turn to appellant's sentence in light of the modified findings.  We are "reasonably certain as to the severity of the sentence that would have resulted in the absence of the error," *United States v. Sales,* 22 M.J. 305, 307 n.3 (C.M.A. 1986), and, thus, we will reassess the sentence at our level.  As a threshold matter, the maximum punishment remains unchanged, and the military judge treated the offenses at issue as one for sentencing purposes.  Second, our decision does not alter the aggravation evidence properly before the sentencing authority.  Third, appellant also elected trial by judge alone and we are "more likely to be certain of what a military judge alone would have done than what a panel of members would have done." *United States v. Moffeit*, 63 M.J. 40, 43 (C.A.A.F. 2006) (Baker, J., concurring in result).  As a result, we affirm the approved sentence.

## CONCLUSION

Upon consideration of the entire record, including the matters personally submitted by appellant pursuant to *Grostefon*, the finding of guilty for Specification 1 of Charge I is set aside. The remaining findings are AFFIRMED. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *Sales* and *Moffeit*, to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the approved sentence is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court